J. Kohut #AN1162
PVSP/D1-226
P.O. Box 8500
Coalinga, Ca. 93210
In Pro Se

**FILED**

Apr 21, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

JONATHON J. KOHUT,

    Plaintiff,

v.

M. MARTIN, Chief Disciplinary
Officer, PVSP;

LT. MARTIN, Confidential
Inquisitor, PVSP;

D. MAY, Senior Hearing Officer,
PVSP;

S. WISWELL, Correctional
Officer, PVSP;

R. BLANCAS, Correctional
Officer, PVSP;

M. REYES, Correctional
Officer, PVSP;

JOHN/JANE DOE(S)#1-3, PVSP/CDCR
Official(s);

    Defendants, sued in their
individual and official capacities.

1:22-cv-00472-HBK-(PC)

Case No._____

CIVIL RIGHTS ACTION 42 U.S.C
§1983/28 U.S.C. §1367(VERIFIED);
§52.1, CAL.CIV.CODE, THE BANE ACT;
TORTS;EXHIBITS;DECLARATION IN
SUPPORT THEREOF

JURY TRIAL DEMANDED

RECEIVED

APR 14 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

I.
· Introduction ·

    This civil rights action is brought pursuant to 42 U.S.C. §1983,
and 28 U.S.C. §1367, by Plaintiff Jonathon Kohut, a prisoner in CDCR
custody, appearing in pro se. Allegations stem from an incident that
has been mischaracterized as a fight by PVSP officials, the inaccurate
reporting of the incident, disciplinary proceedings, and finally the
Plaintiff's inability to obtain relief through any administrative
remedies available to him for alleged violations of his 1st & 14th
Amendment right under the U.S. Constitution, along with violations
of Article I, §§1 & 7, of the California Constitution, Cal. Civ. Code
§52.1, The Bane Act, along with tort claims. Plaintiff seeks declaratory,
injunctive, and monetary relief, and in addition has filed a petition
for writ of habeas corpus in Fresno County Superior Court, Case No.
22CRWR686447, currently under review.

## II.

### · Venue & Jurisdiction ·

1.    Claims under 42 U.S.C. §1983 for redress of violations of federal rights by those vested with state authority, this Court retains jurisdiction over such claims pursuant to 28 U.S.C. §§1331, and 1343.

2.    This Court has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §2201, and Rule 57 of the Fed.R.Civ.P.

3.    Venue is proper as each violation occurred and/or was carried out within the district of filing pursuant to 28 U.S.C. §1391(b)(2).

## III.

### · Parties ·

4.    Plaintiff;Jonathon Kohut is housed at Pleasant Valley State Prison(hereinafter PVSP) in Coalinga, Ca., a CDCR institution, and vehemently contends that his actions were wholly defensive in nature, and that PVSP/CDCR officials have denied him relief to which he is rightfully entitled;

5.    Defendant;M. Martin, Chief Disciplinary Officer at PVSP, upheld decision of SHO D. May, thereby denying Plaintiff relief to which he is rightfully entitled;

6.    Defendant;Lt. Martin, conducted confidential inquiry in connection with Plaintiff's allegations of submission of false narratives of reporting employees(RE) concluded that RE's had not violated CDCR policy(ies);

7.    Defendant;D. May, Senior Hearing Officer(SHO) who presided over the hearing held on 5/21/21, alleged to have abused his discretion and insodoing, denied [illegible] Plaintiff a fair hearing;

8.    Defendant;S. Wiswell, floor officer who authored RVR#7083306 charging the Plaintiff with fighting, alleged to have grossly fabricated his official version of the incident giving rise to these allegations/action;

9.    Defendant;R. Blancas, floor officer, allegations include submission of a false narrative comprised of numerous fabrications;

10.    Defendant;M. Reyes, control booth officer, allegations include submitting a false narrative including numerous fabrications;

11.    Defendant(s);John/Jane Doe(s)#1-3, are parties whose true identities are unknown to Plaintiff at this time. Allegations set forth against them include:act(s)

of retaliation against Plaintiff arising from his seeking relief through the 602 process, facilitating entries in the C-File of Plaintiff of source items of confidential information surrounding the incident at issue throughout this action, the conspiring to facilitate such entries with malicious intent and/or knowledge of falsity, and/or absent legitimate penological justification. Upon the ascertainment of the true identities of the above described individual(s), Plaintiff shall seek leave to amend this complaint to properly include these current Doe(s)#1-3. If it should please the Court, Plaintiff is disposed to conduct pre-service discovery in the interest(s) of expeditious litigation.

## IV.

### · Exhaustion of Remedies Pertaining to State Law Claims ·

12.    Attached as Exhibit #6, is the package pertaining to Government Claim No. 21005089 noticed by the Department of General Services on 6/7/2021. The claim was denied on 11/24/2021 citing complexity of issues being appropriate for decision in a court of law.

## V.

### · Statement of Factual Allegations ·

PLAINTIFF JONATHON KOHUT, HEREBY ALLEGES THE FOLLOWING:

13.    Plaintiff is for all intents and purposes, essentially two things: 1) a statistic, and 2) a 46 year old long term offender who values his time above all. Plaintiff spends the majority of his time pursuing educational endeavors as a means to pass the time he owes the State constructively. Convicted of a horrible offense, Plaintiff more than anything else, wishes to display to the BPH, through his conduct and pursuits, that he is an individual who has not only changed over the course of his period of incarceration, but that is willing to, and able to bring a positive resource to any community in which he may be released to upon being found suitable for parole someday.

### · The Incident ·

14.    On the night of April 28, 2021, Plaintiff was wiping tables in the dayroom of his housing unit, when at some point he was approached by an agitated individual, later identified as Jacob Mills(#BH8082), immediately challenging him to a fight to

which the Plaintiff declined, and went about his wiping of tables. It is important to note, that it was approximately 8:45 p.m. at this time. Mills had been erroneously released from his cell sometime around 8:00p.m. by Defendant Reyes for medication call.(Decl.¶¶5-7)

15.    As Plaintiff continued on to another table, Mills followed and as Plaintiff was starting to wipe the table, Mills balled up both of his fists and began swinging at the Plainitff. At this point, there was no staff presence in the dayroom, and Plaintiff raised his left arm as he began retreating from th repeated swings of Mills staying effectively out of range. As Mills continued to swing, Plaintiff retreated 30-35 feet across the dayroom, avoiding no fewer than 8-10 swings at his face, as blows glanced off of his outstrtched arm as he retreated.(exhib.#3.1.3)

16.    At some point, Plaintiff in his peripheral vision,    noticed Defendants Wiswell and Blancas exit the office and take notice of what was taking place. As swings from Mills continued, the alarm was activated and Defendants started shouting orders to "get down! get down!" These factors had no bearing on Mills who continued to swing, and about that time one of Mills' knuckles grazed the lip of the Plaintiff. (Decl.¶¶9-11,13)

17.    At this point, while in retreat, Plaintiff returned a blow that took Mills in his left orbital region, knocking him to the ground. Plaintiff maintained focus on Mills who landed on his rear, and as his eyes resharpened, immediately placed his hands underneath himself in an effort to rise to his feet. Plaintiff leaned forward in anticipation and at that precise moment, Defendant Wiswell pepper sprayed him directly in his eyes causing him to immediately prone out. This effectively ended the incident.(Decl.¶¶12,14-15)

18.    As Plaintiff lay in a prone position, pepper spray struck him in the back of his head and the backs of his hands. Responding staff placed both Plaintiff, and Mills in restraints and escorted them to be evaluated medically, and/or

decontaminated.(Exhib.#1.1-2;Decl.¶15)

19.    On 4/30/2021, Plaintiff received his initial copy of RVR#7083306 which prompted his submission of 602 Log No.114099,(Exhib.#2.1-4, 3.1.1-7) through which Plaintiff made his requirement of witnesses in adjudication of the RVR#7083306 most abundantly clear. In addition, he received and directly challenged the narrative submitted by Defendant Wiswell.

20.    Following the issuance of the initial RVR(Decl.¶20), Plaintiff was issued an incident log package #21670, with three narratives from the RE's present when the incident took place. These narratives prompted Plaintiff's submission of 602 Log No. 125056.(Exhib.4.1-3, Exhib.#3.4.1-3)

· The Hearing ·

21.    On 5/21/2021, disciplinary proceedings in adjudication of RVR#7083306 were conducted with Defendant May serving as the SHO. During the hearing, Plaintiff made a request for the provision of four specific witnesses in support of his claim of self-defense. Plaintiff provided his account and immediately subsequent, was found guilty by the SHO. Not a single witness was summoned, not a single interview of the witnesses was conducted, nor were any statements from the requested witnesses recorded. Telephonic means as well as zoom/skype technology was available to authorities at PVSP but was not utilized. For those reasons, inter alia, Plaintiff did not receive a fair hearing.

22.    Plaintiff hereby contends, that reports/narratives authored by Defendants Wiswell, Blancas, and Reyes were comprised of numerous fabrications and falsities, and presented the SHO, Defendant May, with an untrue   account of what occurred during the incident, and have given rise to the allegations described throughout this action. These narratives formed the basis of the information utilized, and relied upon  by Defendant May to enter a finding of guilt, and for Defendant M.

Martin to uphold such findings. Under California law, Defendants Wiswell, Blancas, and Reyes have perpetrated a misdemeanor against Plaintiff, and insodoing have imposed upon him an atypical and significant hardship that has directly and proximately caused Plaintiff a loss of credits, in addition to inflicting collateral injury in the form of a violent blemish displayed on his disciplinary record. Such blemish is categorically false in nature, as well as substance, and the presence of this blemish in the C-File of Plaintiff has inflicted severe emotional distress. The narrative of the RVR authored by Defendant Wiswell, contains a degree of prejudice within its scope that the Plaintiff simply cannot risk its potential presentation to the Board of Parole Hearings.

### • The 602 Grievance Process at PVSP •

23.    Plaintiff began to submit 602's as soon as he was issued the first copy of RVR#7083306(¶20). In detailed account, Plaintiff candidly laid out the facts as they occurred in his eyes. In addition, Plaintiff alleged staff misconduct stemming from the false narratives submitted by Defendants Wiswell, Blancas, and Reyes that were contained within the incident report package, No.21670(exhib.#4.1-3). Plaintiff asserted that he acted in self-defense. Plaintiff was unsuccessful in his requests for relief.(exhib.3.1-5)

24.    In connection with Plaintiff's allegations of staff misconduct, a 'confidential inquiry' was conducted in accordance with 15 CCR §3084.9(i)(3)(B). Defendant Martin was charged with conducting such inquiry and interviewed both staff and inmates. This inquiry resulted in the finding of no violation(s) of CDCR policy on the part of officials, in denial of relief. Plaintiff alleges that this process was nothing more than a farce; "going through the motions".

25.    At some point in the inquiry process, Defendant May was interviewed by Defendant Martin. Defendant May stated that Plaintiff had not requested witnesses,

which Plaintiff categorically rejects. Plaintiff contends that Defendant May has perpetrated a misdemeanor under Californiia law against the Plainitff. Plaintiff further contends that Defendant was in fact partial to the reports of his colleagues, as evidenced by Defendant May's reliance on a statement of Defendant Wiswell in the findings entered;entirely fictitious.(exhib.#5.5, evid.#1)

26.    It is important to note, that Defendant Martin interviewed the Plaintiff as well. The interview took place in the very office from which Defendants Wiswell, and Blancas emerged during the incident.(Decl.¶17) At a point in the interview, Plaintiff struggled to point out the location of the incident on 4/28/2021 when asked. The windows of the office were obstructed to such degree by hangings of memorandums and and other postings, Plainitff was unable to indicate through gestures, or point out where events occurred actually. The obstruction did not go unnoticed by Defendant Martin. The location of the events provided by RE"'s became a point of contention. (see exhib.#3.3 cf. exhib.#4.1-3, in re location)

27.    Following the interviews conducted by Defendant Martin, Plaintiff had the occasion to speak with peers that had been interviewed by Defendant Martin. Upon information and belief, no fewer than two of those interviewed, provided information that was not only consistent with Plaintiff's claim of self-defense, but that also informed Defendant Martin with the fact that Defendants Wiswell and Blancas were actually in the office when the incident began, and that they did not witness the entire course of events.

28.    Plaintiff alleges that Defendants May, Martin, and M. Martin, had at their disposal sufficiently adequate probative facts and information to;1) Enter another finding;2) Order a regearing of the charge;3) Find in favor of the Plaintiff owing to the unethicality displayed by the RE's depiction(s) of events;or 4) Enter an alternative set of findings consistent with those set forth in 15 CCR§3312(b)(1)-(2) .

Civil Rights Action

These particular Defendants, in concert, relied on information that they knew to be false in nature and substance, authored by Defendants Wiswell, Blancas, and Reyes in violation of CDCR policy. Such reliance denied Plaintiff a fundamentally fair adjudication of RVR Log No.#7083306, as well as denied relief sought through many 602 attempts. All the while, Defendants were/are vested with the authority to rectify the injustice inflicted upon the Plaintiff at the hands of their dishonest subordinates. The reports were/are detrimental to the Plaintiff's legal standing before the BPH. These Defendants, notwithstanding departmental policies calling for the ethical performance of duties associated with any official capacity, made the conscious decision to rely on, and support the findings with knowingly false information, thereby denying Plaintiff truth in proceedings in violation of his right to Due Process and Equal Protection of the Law.(15 CCR§§3413,3391,3286,3270)

29. When PVSP officials denied 602 relief, Plaintiff reached out to the Office of Internal Affairs. In a candid and detailed account, Plaintiff iterated his claim.(exhib.#7.1.1-4) Instead of granting any relief, or even a review, the OIA sent his letter right back to Defendant M. Martin, the Chief Disciplinary Officer whom had upheld the findings repeatedly. In response, Defendant M. Martin sent Plaintiff a letter containing an abundance of insight that left Plaintiff in a state of awe, realizing that the letter was written by a non witness to the events upon which he was pontificating.(exhib.#7.2.1)

30. The Office of Appeals in Sacramento(hereinafter OOA)granted 602 Log No. 126695, which held that the'confidential inquiry'did not state sufficiently their reasoning in support of the findings. On 11/14/2021, 30 days after the decision, a 602-3 'CDCR Remedy Compliance Request'was sent to the OOA to which no response was ever received. On 12/5/2021 an additional 602-3 was sent to the OOA that met with the same non response. CDCR/PVSP have procedurally defaulted and essentially have remained silent regarding any remedies.

Civil Rights Action

• Equal Protection of the Law Claim •

31.    Within and among these claims, exists a controversy. At PVSP        , on the
same facility where the incident giving rise to the allegations occurred, unprovoked
attacks on SNY inmates are carried out with reasonable frequency at times. Members
of the 'GP' custody classification, will seek out and randomly attack an 'SNY'
inmate for the purpose of being removed from the facility altogether. In many of the
altercations, PVSP only issue a RVR 115 to the 'aggressor', outcome of the incident
notwithstanding. Owing to the dynamic of the incident, officials cognizantly apply
the element of self-defense to their reasoning in a proper and just application of
their broad discretion. Plaintiff vehemently contends that he has been denied such
consideration and/or application, thereby encroaching upon his fundamental right to
defend and to keep himself free from harm.

• Allegation Summary •

32.    Upon information and belief, Defendants Wiswell, Blancas, and Reyes, through
collaborative measures subsequent to the incident, conspired to prepare and submit
reports/narratives of events and instances they did not personally witness, and that
were fabricated for the intent and purpose of providing reviewing officials with
fictitious accounts of diligence and supervision that were non existent, and failed
to be employed during the relevant events and instances giving rise to the
allegations set forth in this action. Their actions have detrimentally affected the
Plaintiff and have inflicted both injury and damages upon him. In addition, the
acts of these Defendants have contributed to, and supported, the finding of guilt
entered in the C-File of Plaintiff as of this authoring which is currently being
maintained in such measure.

33.    Upon information and belief, Defendant May partially, and purposely denied
Plaintiff the four requested witnesses during adjudication hearing of RVR#7083306,
and that Defendant May intentionally ignored inconsistencies in the RE's narratives

and glaring factual elements contained within the findings of medical personnel,
7219 forms(exhib.#1.1,1.2), that served to call into question the RE's narratives,
primarily and foremost, the lack of injury consistent with the narratives at issue.
(exhib.#1.1-2, cf. exhib.#4.1-3) Defendant May has acted  partially, and
prejudicially applied fabricated information to support a predetermined finding of
guilt. Defendant May covered for his colleagues, and insodoing, violated Plaintiff's
rights to Due Process and Equal Protection of the law.

34.    Upon information and belief, the confidential inquiry conducted by Defendant
Martin, was categorically biased and the findings endorsed and ratified by Defendant
M. Martin, constitute and display conspiratorial measures being employed amongst the
Defendants to cover for their colleagues. The submission of false narratives per se
constitutes staff misconduct, and the Defendants cannot deny the lack of injury, to
either individual, that would support the narratives submitted by RE's.

35.    Plaintiff vehemently alleges that from the instant the RE's submitted their
reports/narratives;he was essentially found guilty. Plaintiff further alleges, that
the manner in which disciplinary measures have been applied, have violated the right
of Plaintiff to both Due Process, and the Equal Protection of the law;fundamentally
vested rights. In addition, the torts of conspiracy, abuse of process, negligence,
and intentional infliction of emotional distress are alleged.

36.     Plaintiff further alleges that owing to the allegations set forth, collateral
damages have been suffered mainly in the high violence risk assessment arrived at
and entered into the central file of the Plaintiff by the Board of Parole Hearings
Forensic Assessment Division. This risk factor is viewable and utilized in the
consideration of the Plaintiff's parole suitability findings for the period three
years subsequent to the actual assessment report being entered, the CRA, or
'Comprehensive Risk Assessment'.

37.    For the reasons set forth above, Plaintiff hereby alleges that a genuine

controversy exists amongst the parties to this action regarding their rights, priveleges, duties, and obligations that absent the intervention of this Court, shall continue to inflict injury and/or damages upon the Plaintiff owing to the prevalant culture and customs that exist within the department maintaining current legal custody of the Plaintiff.

### · Verification ·

38.    I Jonathon J. Kohut, Plaintiff in the entitled action, am the true author of the factual allegations set forth in this action, and have composed them from my own first hand personal recollection(s).

39.    I Jonathon J. Kohut, Plaintiff in the entitled action, have personally compiled the documentary exhibits presented and incorporated by reference throughout the factual allegations set forth above, and the claims for relief enumerated below.

40.    That for purposes of any motion filed under Rule 56, Fed.R.Civ.P., that this action contains deliberate indifference allegations that involve state of mind questions, that are most appropriately decided by juries operating as finders of fact(s), and this allegation in particular, serves as a running objection to any motion for summary judgement submitted by any party Defendant in this action.

Under the penalty of perjury, pursuant to 28 U.S.C.§1746, and the law of the State of California, I hereby declare the foregoing is true and correct, and affording no more than an appropriate degree of exceptance to any portion set forth upon information and belief, portions which are true to the best of my knowledge, and have been set forth in the utmost of good faith.

X _____          Dated: 4/20/2022
Jonathon J. Kohut,
Plaintiff,
In Pro Se.

Civil Rights Action
(11)

- CLAIMS FOR RELIEF -

· CLAIM ONE ·

(42 U.S.C.§1983/14th Amendment/U.S. Const./Due Process Violations)

41.    Plaintiff realleges ¶¶1-40, incorporated as if fully stated herein.

42.    Defendants D. May (SHO), M. Martin (CDO), and Lt. Martin at all times relevant were acting under the color of state law, within the scope and course of their employment/agency as CDCR officials.

43.    Under the Due Process Clause of the 14th Amendment of the U.S. Constitution, Plaintiff had a fundamental right to summon witnesses on his behalf , to present evidence in support, as well as to have an impartial decision maker conduct any proceeding in adjudication of allegations in connection with a RVR issued within the department.

44.    Defendants D. May, M. Martin, and Lt. Martin knew, or should have known, that Plaintiff had a right to Due Process protections in adjudication of RVR Log No. 7083306 that included the summoning of witnesses, and that the request had been related to officials both orally, and in writing by the Plaintiff.

45.    Defendants D. May, M. Martin, and Lt. Martin, at all times relevant, acted in concert while collaborating as colleagues, despite Plaintiff's repeated attempts to obtain relief, upheld the finding of guilt, following the violation of Plaintiff's right to Due Process of Law secured by the 14th Amendment of the U.S. Constitution.

46.    These Defendants wrongful actions and course of conduct as alleged herein are/were in violation of 42 U.S.C.§1983, having deprived PLaintiff of rights, and/or priveleges secured by the U.S. Constitution.

47.    These DEfendants knew, or should have known that their conduct, actions, and attitudes created an unreasonable and significant risk of forseeable and serious harm to the Plaintiff.

Civil Rights Action

48.    These Defendants actions and courses of conduct, demonstrate deliberate indifference to the Constitutional rights guaranteed the Plaintiff under the 14th Amendment of the U.S. Constitution.

49.    As a forseeable and direct result of these Defendants' violations of Plaintiff's Constitutional rights, Plaintiff has sufferred, and will continue to suffer, direct and collateral damages in the form of a violent blemish being now displayed in his central file which harbors a severe and negative impact on Plaintiff's legal standing before the Board of Parole Hearings.

50.    These Defendants' acts and courses of conduct, were willful, intentional, malicious, wanton, and dispicable in conscious disregard of the Plaintiff's rights thereby entitling Plaintiff to punitive and/or exemplary damages awarding.

· CLAIM TWO ·

(42 U.S.C.§1983/14th Amend., U.S. Const./Equal Protection of the Law)

51.    Plaintiff realleges ¶¶1-50, incorporated as if fully stated herein.

52.    Defendants D. May, M. Martin, and Lt. Martin were at all times relevant, acting under the color of state law within the scope and course of their employment as agents/employees of CDCR.

53.    These Defendants knew, or should have known, that their conduct, attitudes, and actions created an unreasonable and significant risk of forseeable and serious harm to the Plaintiff.

54.    These Defendants' failure to afford Plaintiff, the same or similar consideration regarding the/his Constitutional right to preserve, and to remain free from physical harm, currently and having been afforded other inmates faced with similar circumstances/scenarios, has thereby violated his right to the Equal Protection of the Law, guaranteed under the 14th Amendment of the U.S. Constitution.

55.    These Defendants' disparate application of vested discretion, demonstrates

deliberate indifference to the Constitutional rights of the Plaintiff provided by the 14th Amendment of the U.S. Constitution.

56.    As a direct and forseeable result of these Defendants' violation of the Plaintiff's 14th Amendment rights, Plaintiff has sufferred, and will continue to suffer injury in the form of the violent blemish being currently displayed in his central file, and the collateral consequences that had, have, and will have in the future, detrimental and negative impact on the Plaintiff's legal standing before the Board of Parole Hearings as it relates to parole suitability.

57.    These Defendants' acts were willful, intentional, malicious, wanton, and despicable in conscious disregard for the rights of the Plaintiff, thereby entitling Plaintiff to an awarding of punitive and/or exemplary damages.

### · CLAIM THREE ·

(Article I,§7/Calif. Const./Due Process Violation)

58.    Plaintiff realleges ¶¶1-57, incorporated as if fully stated herein.

59.    By failing to summon Plaintiff's witnesses as requested, while functioning as the Senior Hearing Officer, Defendant May violated Plaintiff's right to Due Process under article I, section 7 of the California Constitution.

60.    By failing to take remedial action(s) at their disposal upon Plaintiff's presentation of the viable request for relief through administrative remedy, regarding their Codefendant's failure to summon witnesses to Plaintiff's RVR hearing, Defendants M. Martin, and Lt. Martin, violated Plaintiff's right to Due Process of Law secured under article I, section 7 of the California Constitution, and have effectively caused harm to the Plaintiff.

61.    Plaintiff's injuries and violations of his Constitutional rights were caused by the policies, actions, conduct, and attitudes of these three Defendants, which are/were the moving force of the violations.

62.    As a result of Defendants' conduct, Plaintiff seeks declaratory and injunctive relief against all Defendants.

· CLAIM FOUR ·

(Article I,§7/Calif. Const./Equal Protection of the Law)

63.    Plaintiff realleges ¶¶1-62, incorporated as if fully stated herein.

64.    By the failure of the adjudicating officials, and/or reviewing officials, Defendants May, Martin, and Martin, to afford Plaintiff the same, or similar consideration, protection, and/or privelege, to preserve himself and to remain free from physical harm, currently and having been afforded other inmates faced with similar circumstances/scenarios, has thereby denied Plaintiff the Equal Protection of the Law, in violation of article I, section 7 of the Califronia Constitution.

65.    These Defendants actions, conduct, policies, and attitudes have directly and proximately caused Plaintiff to suffer damages and injuries, and will continue to cause damages and injuries if not enjoined, by denying Plaintiff the same or similar consideration as other inmates.

66.    The damages and injuries inflicted upon the Plaintiff were forseeable in nature and were directly and proximately caused by Defendants' deliberate indifference to the rights of the Plaintiff secured by article I, section 7 of the California Constitution.

67.    As a result of the conduct of the Defendants, Plaintiff seeks declaratory and injunctive relief against all Defendants.

· CLAIM FIVE ·

(Calif.Civ.Code §52.1/Violations of The Bane Act)

68.    Plaintiff realleges ¶¶1-67, incorporated as if fully stated herein.

69.    By their actions described above, Defendants acting in concert and/or

Civil Rights Action

(15)

conspiracy, with threat, intimidation, and/or coercion, violated the Plaintiff's
rights under California Civil Code, §52.1, The Bane Act, by interfering with the
exercise or enjoyment of Plaintiff's clearly established rights secured by the
Constitutions and laws of both the United States, and the State of California. These
Defendants' actions have caused actual damages to the Plaintiff within the meaning
of Calif.Civ.Code §§52, and 52.1.

70.    The conduct of these Defendants was objectively unreasonable and was
undertaken recklessly, intentionally, willfully, with malice, and with deliberate
indifference to the rights of the Plaintiff.

71.    Plaintiff's injuries and the violations of his Constitutional rights were
directly and proximately caused by the policies and practices of the Defendants,
which are/were the moving force of the violations.

72.    As a direct and proximate result of the conduct of the Defendants, Plaintiff
is entitled to an award of exemplary damages, civil penalties, and attorney's fees
as provided by CalCiv.Code §§52, and 52.1.

· CLAIM SIX ·

(Tort of Abuse of Process)

73.    Plaintiff realleges ¶¶1-72, incorporated as if fully stated herein.

74.    Plaintiff hereby contends that Defendants have abused the Rules Violation
Reporting process in violation of PC§2932, and in addition have violated the 'Truth
In Evidence' clause of the California Constitution, Article I, §28(f)(2), by their
submission of false and fabricated reports, charging Plaintiff with 'fighting', in
violation of 15 CCR §3005(d)(1), the subsequent adjudication of RVR Log No.7083306,
and the upholding of a finding of guilt entered by Defendant D. May.

75.    Each named Defendant in this action, acted, or failed to act, with the/an
ulterior motive that was wholly unrelated to the lawful purpose for which the RVR

process has been implemented within the institutions of CDCR, and its legal and intended usage pursuant to PC§§2932,5054 et seq.

76.   Plaintiff contends that each named Defendant, having been duly sworn as a peace officer of the State of California, in carrying out the course(s) of conduct described throughout this action, have acted in ill will. with malice, and have intentionally fabricated material facts, and exhibited deliberate indifference towards the unethical conduct and/or performance of their colleague(s) associated with the reporting, adjudication, and administrative remedies sought in connection with RVR Log No.7083306, that resulted in the injuries complained of that have given rise to this claim for relief.

77.   Plaintiff further claims, Defendants Wiswell, Blancas, and Reyes, authored reports while harboring the ulterior motives of utilizing the RVR process to the unlawful detriment of the Plaintiff, unethically and with the specific aim of presenting their superiors with accounts that would seemingly indicate alertness, and dutiful performance in monitoring the inmates under their immediate charge, so as to mislead such superiors  and thereby lessen their risk of disciplinary sanctioning being imposed upon them owing to their negligence leading up to, and subsequent to the incident giving rise to this claim for relief.

78.   Defendants May, Martin, and Martin, notwithstanding numerous evidentiary factors weighing in Plaintiff's favor, denied Plaintiff not only a fair hearing in adjudication of RVR Log No.7083306, but additionally upheld the finding of guilt that was based on glaringly false reports submitted by their subordinates, with the ulterior motives of covering up the substandard and unethical performance of their colleagues, and imposing disciplinary sanctions upon the Plaintiff that were unwarranted, and that denied Plaintiff the relief requested to which he was rightfully entitled.

79.   Each Defendant had departmental duties imposed under the CDCR Department

Operations Manual(DOM),§§33030.3.1,2,&3, regarding the performance of their job description(s), and their flagrant and intentional disregard of such obligations contributed to their state of mind, and willingness to inflict the tort of abuse of process upon the Plaintiff.

80.    Defendants' conduct, actions, omissions, attitudes, and conscious disregard to the injury and damage inflicted upon the Plaintiff were carried out willfully, intentionally, with malice, and with deliberate indifference to the rights of the Plaintiff, thereby justifying an award of exemplary damages.

· CLAIM SEVEN ·

(Tort of Conspiracy)

81.    Plaintiff realleges ¶¶1-80, incorporated as if fully stated herein.

82.    Defendants Wiswell, Blancas, and Reyes, intentionally, with malice and conscious disregard for the rights of the Plaintiff, proceeded on 4/28/2021, to submit fabricated accounts, in agreement and collaboration, to their superiors at PVSP, that depicted conduct in violation of 15 CCR,§3005(d)(1), being carried out willfully by Plaintiff, and charging Plaintiff with 'fighting'.

83.    Defendants' agreement was carried out to the detriment of the Plaintiff, for unethical purpose(s), consistent with reporting a non existing scenario that displayed dutiful vigilance in their job performance to their superior officials.

84.    Defendants May, Martin, and Martin, furthered the conspiracy, while lending aid and encouragement to or ratifying the acts of their subordinates set forth above by violating Plaintiff's right to call witnesses to his RVR hearing, by ignoring the glaring inconsistencies contained within Defendants' Wiswell, Blancas, and Reyes narratives of the incident and lack of injuries sustained by either inmate, and by their repeated denials of any type of relief including but not limited to:a new hearing allowing witnesses, dismissal, a finding that RE's had in

fact submitted false and fabricated reports in violation of CDCR policy, or any other form of relief that would undo the wrongful damages, and injuries inflicted upon the Plaintiff.

85.    Insodoing, Defendants have inflicted general damages upon the Plaintiff, and have further acted with malice and oppression within the meaning of Cal.Civ.Code §3294, in conscious disregard for the rights of the Plaintiff.

· CLAIM EIGHT ·

(Tort of Negligence)

86.    Plaintiff realleges ¶¶1-85, incorporated as if fully stated herein.

87.    Defendants had, and have a duty as peace officers of the State of California being duly sworn, to perform their occupational functions in an ethical, and non offensive manner. With their employment comes a duty to report incidents in an honest and factual manner comprised with the integrity becoming of a peace officer.

88.    Defendants had a duty of care, owed the Plaintiff, to abide by the 15 CCR, DOM, and even the PVSP-OP Manual, which function alongside of California Penal Code, and Government Code statutory authorities.

89.    Each party Defendant in this action has breached their duty of care owed the Plaintiff pursuant to Cal.Evid.Code §669 owing to the injuries and damages and the CDCR policies and regulations in place for the purpose of avoiding such violations.

90.    The injuries and damages suffered by Plaintiff were forseeable in nature and but for the negligence of these Defendants, Plaintiff would not have been injured.

· CLAIM NINE ·

(Tort of Intentional Infliction of Emotional Distress)

91.    Plaintiff realleges ¶¶1-90, incorporated as if fully stated herein.

92.    Defendants, are/were during times relevant, CDCR officials, a state agency pursuant to the law of the State of California, and duly sworn as peace officers of California. By virtue of such employment/agency, comes authorities and priveleges with inherent yielding of processes associated with, and consistent with such duty and performance in their roles and capacities. In short, these Defendants have the vested ability and authority, to charge, impose, attatch, adjudicate, review, uphold and/or vacate findings, consistent with the legal disciplinary sanctioning of those inmates within the department that have been charged with any administrative or serious rule violation while in the custody of CDCR.

93.    Disciplinary sanctions imposed by guilty findings bring inherent collateral consequences in addition to any credit loss and/or forfeiture, resulting from a finding of guilt for an issued RVR.

94.    Collateral consequences resulting from guilty findings are disparate among inmates owing to a charge, as well as any inmates' programming requirement of long term discplinary free periods imposed by Board of Parole Hearings commissioners in connection with certain inmates parole suitability efforts. Plaintiff is a parole suitability candidate who currently has such inherent programming requirements.

95.    Since the incident, and subsequent events described throughout this action, Plaintiff has been in a constant state of distress owing to what he considers as the unethical, conspiratorial, dishonest and devoid of integrity conduct of the Defendants named in this action. Plaintiff contends that these Defendants' conduct, was and is outrageous, and an abuse of their agency and employment as CDCR staff.

96.    Defendants' conduct was intentional, and carried out with the purpose of causing anguish, and/or humiliation to the Plaintiff, and has been the topic of focus in meeting with his clinician that he sees in connection with his CCCMS course of mental health treatment. Plaintiff has been in the CCCMS program since arriving in CDCR.

97.    Plaintiffs distress owing to the instances set forth in this action is, and has been significant. Such distress has resulted as a direct and proximate cause of the acts of these Defendants and their unwillingness to provide the relief to which Plaintiff is rightfully entitled.

98.    Plaintiff's level of distress has been severely exacerbated by the seeming impunity with which Defendants intentionally flout and disregard CDCR regulations, and even state and federal law.

99.    Defendants have acted willfully, intentionally, with malice and in dispicable and conscious disregard for the rights of the Plaintiff, within the meaning of Cal. Civ. Code §3294, and thereby have entitled the Plaintiff to an award of exemplary damages.

## · REQUEST FOR RELIEF ·

WHEREFORE, Plaintiff prays the Honorable Court:

1)    Declare the Defendants' policies and practices described in this action have violated the 14th Amendment of the U.S. Constitution, Article I, §§ 1, 7, &28 of the California Constitution, California Civil Code §52.1, and constitute the torts of abuse of process, conspiracy, negligence, and intentional infliction of emotional distress under California State Law;

2)    Issue a preliminary and permanent injunction enjoining Defendants from further instances of similar conduct or actions, acting individually or in concert with other CDCR officials, that would serve to violate these state and federal laws and constitutional authorities so as to violate inmates' rights and subsequently refuse to award the proper relief upon request;

3)    Issue a mandate, or directive to CDCR, to implement Due Process guards in the form of a witness denial/acceptance form anytime an inmate is charged with a serious RVR 115 disciplinary write up that could result in the need for Due Process protections and/or safeguards;

4)    Nominal damages for the violation of Plaintiff's rights;

5)    Compensatory damages in an amount to be proved at trial;

6)    Punitive damages against each Defendant in an amount to be proven at trial;

7)    Costs, including reasonable attorneys' fees under 42 U.S.C.§1988, and other applicable law, including but not limited to Cal.Civ.Code§52.1 and Cal.Code of Civ.Proc.§1021.5; and

8)    Any other relief that this Court deems just and equitable.


Respectfully Submitted,


X_____          Date: 4/20/2022

Jonathon J. Kohut,
Plaintiff,
In Pro Se.


J.J. Kohut #AN1162
PVSP/D1-226
P.O. Box 8500
Coalinga, Ca. 93210


Verified and executed on the dates provided at PVSP, in Coalinga, Ca.


Civil Rights Action

(22)

# UNITED STATES DISTRICT COURT
*EASTERN DISTRICT OF CALIFORNIA*
Keith Holland, Clerk

☐**REPLY TO:**
Office of the Clerk
501 I Street #4-200
Sacramento, CA 95814

## CLERK'S NOTICE

☐**REPLY TO:**
Office of the Clerk
2500 Tulare St. #1-500
Fresno, CA 93721

**Jonathan Kohut, AN-1162**
**PLEASANT VALLEY STATE PRISON**
**P.O. BOX 8500**
**COALINGA, CA 93210**

RE: Pleadings and/or Correspondence received on: 4/14/2022

[ ]  **CASE NUMBER:** The Eastern District case number could not be identified for the attached filing.  You must write your case number on all documents submitted to the Court.

[ ]  **COPY WORK:** The Clerk's Office will provide copies of documents (in cases 2005- present) and of the docket sheet at $0.50 per page.  Checks in the exact amount are payable to "Clerk, USDC."  ***Please Note: In Forma Pauperis status does not include the cost of copies.***

 [ ] Your request of _____ document(s) consist(s) of _____ pages at 50¢ per page, totaling $_____
  *Certified copies are an additional $11.00 per document*

[ ]  **NAME SEARCHES:** The Office of the Clerk requires a $32.00 charge, per name, to perform a records/name search.  This fee must be paid in advance by check or money order to "Clerk, USDC."  The search covers 1976 to present and includes civil, criminal, miscellaneous, and magistrate judge cases.

[ ]  **CONFORMED COPIES:** The Court requires the original plus one copy of most pleadings.  See Local Rule 133 (d) (2).  If you wish to have a conformed copy returned to you, you must file an original plus two copies and provide the Court with a self-addressed stamped envelope with the correct postage.

[ ]  **DISCOVERY DOCUMENTS:** Pursuant to Local Rule 250.2 (c), Interrogatories, Responses and Proofs of Service shall not be filed with the Clerk of Court until there is a proceeding in which the Interrogatories, Responses, or Proofs of Service are AT ISSUE.

[ ]  **LEGAL ADVICE:** The Court cannot give legal advice.

[ ]  **EVIDENCE SUBMITTED:** The Court cannot serve as a storage for the parties' evidence.  The parties may not file evidence with the Court until the course of litigation brings the evidence into question.

[ ]  **SERVICE:** The Court will notify you when it is time for service in your case.

[ ]  **CASE STATUS INQUIRIES:** The Court will notify you as soon as any action is taken in your case.  Due to the large number of civil actions pending before the Court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE.  As long as you keep the Court apprised of your current address, you will receive all Court decisions which might affect the status of your case.  If you have not submitted a document required in your case, the Court will notify you.

[ ]  **MOTIONS:** A document requesting a court order must be styled as a Motion, not a letter (see F.R.C.P 7).  Letters to the judge will be disregarded.

[ ]  **CHECKS SUBMITTTED TO THE COURT:**

We are returning your check or money order no.: _____ for the following reason:

[ ]  We have no record of your case.  Please return the funds with the appropriate case number, new complaint or petition.

[ ]  Your check or money order is not complete.  Please return the check made payable to "Clerk, USDC" with the appropriate and exact amount for the item requested.

[ ]  Your check or money order is made payable to an incorrect agency/person.  Please send a new check/money order made payable to "Clerk, USDC"

[ ]  The Clerk's Office is not able to accept post-dated or altered checks.  Please return payment made with appropriately dated and/or unaltered check or money order.

[ ]  Our records indicate this attorney was admitted to practice in our district on _____.  You will need to go to our website www.caed.uscourts.gov and complete the attorney registration form to have a new log in and password sent to you.

[ ]  **REQUESTED FORMS:**

[ ]  Our court does not have the forms you are requesting.

[ ]  Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at [Selected Institutions]", your institution participates in the E-Filing Procedure Program, therefore, your new case will need to be electronically filed.  You will need to contact your Law Library to obtain procedures.

[ ]  **DOCUMENTS NOT SUBMITTED IN ENGLISH:**  All documents submitted must be written in English.  Documents submitted in a language other than English cannot be translated.

[X]  **E-FILING:**  Pursuant to Standing Order of the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at [Selected Institutions]",  the document(s) cannot be filed because your institution participates in the e-filing filing program with the Court. **Per the Standing Order, the document(s) is(are) returned unfiled and must be filed under E-Filing procedures.**  When filing documents under E-Filing procedures, please include this document ("Clerk's Notice") with the e-filing documents.

[ ]  **CASE CLOSED:**  Your case was closed on _____, your document(s) are being returned to you.

[ ]  **OTHER:**

Thank you for your future attention to this matter.

_____
Deputy Clerk

4/15/2022
Date