UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT,<br><br>            Plaintiff,<br><br>       v.<br><br>M. MARTIN, et al.,<br><br>            Defendants. | Case No.  1:22-cv-00472-KES-HBK<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 15 |

Plaintiff Jonathan Kohut is a state prisoner proceeding pro se and in forma pauperis on his first amended complaint ("FAC") filed pursuant to 42 U.S.C. § 1983.  Doc. 13.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff alleges that, following his involvement in a fight in April 2021 at Pleasant Valley State Prison, he was charged with a rule violation and was found guilty following a disciplinary hearing in May 2021.  Doc. 13 at 4–8.  Plaintiff alleges various procedural violations from that disciplinary hearing, including that the hearing officer, defendant D. May, allegedly refused to allow witness testimony that plaintiff requested and failed to state a reason for the refusal.  *Id.* at 10–11.  Plaintiff asserts that his guilty finding resulted in a "loss of good conduct credits" and a "violent guilty finding being currently maintained in [his] central file."  *Id.* at 6.  As a result, plaintiff contends that his standing before the Board of Parole Hearings ("BPH") and prospects of

1    parole have been adversely affected.  *Id.*  Plaintiff brings federal claims under Section 1983 for a
2    violation of his Fourteenth Amendment right to procedural due process and a related conspiracy
3    charge, and various state law claims.  *See generally* Doc. 13.
4         On December 28, 2023, the assigned magistrate judge screened plaintiff's FAC and issued
5    findings and recommendations that plaintiff's action be dismissed for failure to state a cognizable
6    federal claim.  Doc. 15.  Specifically, the magistrate judge found that plaintiff failed to state a
7    Fourteenth Amendment due process claim because (1) plaintiff lacked a protected liberty interest
8    in his loss of good-time credits, (2) even if plaintiff had such an interest, his due process rights
9    were not violated, and (3) even if his due process rights were violated, plaintiff's action is barred
10   by *Heck v. Humphrey*, 512 U.S. 477 (1994), and is therefore not cognizable under section 1983.
11   *See generally id.*  The magistrate judge also found that plaintiff failed to state specific facts that
12   would support the existence of a conspiracy.  Having found that the FAC failed to state a federal
13   claim, the magistrate judge recommended that plaintiff's state law claims be dismissed.  *Id.* at 14–
14   15.  After he was granted an extension of time, plaintiff filed objections.  Doc. 18.
15        In accordance with 28 U.S.C. § 636(b)(1), this Court has reviewed this matter de novo.
16   Having carefully reviewed the matter, including plaintiff's objections, the Court adopts the
17   findings and recommendations in part and refers this matter back to the assigned magistrate judge
18   for screening of plaintiff's FAC consistent with this Order.  The findings and recommendations
19   correctly found that plaintiff failed to plausibly state a conspiracy claim.  However, plaintiff states
20   a cognizable claim under section 1983 that his Fourteenth Amendment procedural due process
21   rights were violated based on his allegations that defendant May failed to allow him to call
22   witnesses at his disciplinary violation hearing and failed to identify any reason for the denial of
23   his request.
24        To state a procedural due process claim, a plaintiff must allege "(1) a liberty or property
25   interest protected by the Constitution; (2) a deprivation of the interest by the government; [and]
26   (3) lack of process."  *Portman v. County of Santa Clara*, 995 F.2d at 898, 904 (9th Cir. 1993).  In
27   disciplinary proceedings, a prisoner does not receive "the full panoply of rights due a [criminal]
28   defendant."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  However, where a state has

1  "provided a statutory right to good time but also specifies that it is to be forfeited only for serious
2  misbehavior," a prisoner may assert a liberty interest under the Fourteenth Amendment that
3  "entitle[s] him to those minimum procedures appropriate under the circumstances and required by
4  the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Id.* at
5  557.  In California, good time credits are statutorily granted entitlements that may be denied for
6  certain disciplinary offenses or other serious misconduct.  Cal. Penal Code §§ 2931–33 (West).
7  Therefore, plaintiff had a protected liberty interest in his good time credits.  *See Lane v. Salazar*,
8  911 F.3d 942, 950–51 (9th Cir. 2018) ("[Prisoner] has a liberty interest in his good time credits,
9  and may therefore only be deprived of those credits if afforded due process."); *Hayward v.*
10 *Marshall*, 603 F.3d 546, 556 (9th Cir. 2010) ("Because it is ordinarily a fixed, specific
11 entitlement lost on the basis of misconduct, good time is a right to liberty, that is, release from
12 prison, that can be taken from the prisoner only with due process of law."), *overruled on other*
13 *grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  Therefore, plaintiff plausibly alleges a
14 deprivation of his protected interest in his good time credits.

15       As to whether plaintiff plausibly alleges a deprivation of that protected interest through
16 lack of process, plaintiff contends that, despite his request that four witnesses testify at his Rules
17 Violation Report ("RVR") disciplinary hearing, defendant May "both failed to summon the
18 witnesses requested, and moreover, failed to enter any reason in the findings that would explain
19 the reasoning relied upon for such a denial."  Doc. 13 at 6.  A prisoner facing disciplinary
20 proceedings "should be allowed to call witnesses and present documentary evidence in his
21 defense when permitting him to do so will not be unduly hazardous to institutional safety or
22 correctional goals."  *Wolff*, 418 U.S. at 566.  While, in their discretion, prison officials may deny
23 such a request, the "Due Process Clause of the Fourteenth Amendment requires that prison
24 officials at some point state their reason for refusing to call witnesses requested by an inmate at a
25 disciplinary hearing."  *Ponte v. Real*, 471 U.S. 491, 492 (1985).  Liberally construing plaintiff's
26 complaint, plaintiff contends that he was never informed of any reason as to why his request for
27 witnesses was denied.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("In general,
28

courts must construe pro se pleadings liberally.").[1]

Plaintiff states a cognizable claim for a violation of his Fourteenth Amendment right to procedural due process, based on defendant May's alleged refusal to grant his request for witness testimony at his RVR hearing and May's alleged refusal to provide any explanation for that decision. *See Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003) (finding due process violation where prison official offered no reason for refusing to allow live witness testimony on prisoner's behalf); *see also Napier v. Swarthout*, No. 2:12-cv-1521-JAM-DAD, 2014 WL 1839129, at *9 (E.D. Cal. May 8, 2014) ("[W]hen prison officials refuse to call witnesses requested by a prisoner at a disciplinary hearing, they must explain their reasons, either as part of the administrative record or by later testimony in court.") (citing *Ponte*, 471 U.S. at 497).[2]

Plaintiff's claim is not barred by *Heck* and is properly brought under section 1983. *See* Doc. 15 at 8–9. Plaintiff alleges that his disciplinary record and loss of good-time credits will adversely affect his likelihood of future parole. Doc. 13 at 6. Where "the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (discussing *Muhammad v. Close*, 540 U.S. 749 (2004)). As the magistrate judge noted, it was unclear from plaintiff's FAC whether he is serving an indeterminate or determinate sentence. Doc. 15 at 7. In his objections, plaintiff confirmed that he is "in fact an indeterminately sentenced individual serving a sentence of 15 to life." Doc. 18 at 2.[3] In such cases, a restoration of good time credits

---

[1] As the findings and recommendations did, the Court construes plaintiff's contention that defendant May "failed to summon the witnesses requested" and "failed to enter any reason in the findings that would explain the reasoning relied upon for such a denial," Doc. 13 at 6, to assert that plaintiff was never informed as to why his requested witnesses were not called.

[2] The magistrate judge correctly found, for the reasons set forth in the findings and recommendations, that plaintiff failed to state a claim as to his remaining due process violation theories, which included: (1) the filing of a false disciplinary report, (2) a lack of sufficient evidence to find plaintiff guilty of a violation, and (3) a failure to reverse plaintiff's guilty finding. Doc. 15 at 9–14. Additionally, the Court agrees with the findings and recommendations that plaintiff failed to state a cognizable conspiracy claim.

[3] *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (concluding that "a district court

1 or more favorable standing with the BPH would not *necessarily* shorten plaintiff's sentence. *See*
2 *Brookins v. California*, No. 1:17-cv-01724-LJO-JDP, 2019 WL 506114, at *2 (E.D. Cal. Jan. 17,
3 2019), *report and recommendation adopted*, 2019 WL 499102 (E.D. Cal. Feb. 8, 2019) (finding
4 that habeas petitioner's claims "fail[ed]" for the "simple reason" that he was serving an
5 indeterminate sentence and his "claims cannot lead to his immediate or earlier release unless the
6 Board finds him suitable for parole."); *c.f. Wilkerson v. Wheeler*, 772 F.3d 834, 841 (9th Cir.
7 2014) (finding *Heck* bar did not apply to plaintiff serving an indefinite life sentence where "[a]ny
8 loss of good-time credits could not extend his potential term, which is life in prison."). As to the
9 impact of the rules violation finding on plaintiff's prospects of parole, the Ninth Circuit discussed
10 a similar circumstance in *Nettles*, holding that as a "rules violation is merely one of the factors
11 shedding light" on a prisoner's ability to be granted parole, invalidation of the prisoner's guilty
12 finding would "not necessarily lead to his immediate or earlier release from confinement," and is
13 therefore properly brought under section 1983. *Nettles*, 830 F.3d at 935.
14      Accordingly, plaintiff's FAC states a cognizable claim under section 1983 for a violation
15 of his right to procedural due process arising from his May 2021 disciplinary hearing. As the
16 magistrate judge found that plaintiff failed to state a cognizable federal claim, the findings and
17 recommendations did not consider plaintiff's state law claims. Doc. 15 at 15. As the Court finds
18 that plaintiff states a cognizable Fourteenth Amendment due process claim, this matter is referred
19 back to the assigned magistrate judge for further screening of plaintiff's state law claims.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

28 has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

5

Accordingly:

1. The Court adopts in part the findings and recommendations issued December 28, 2023, Doc. 15; and

2. This matter is referred back to the assigned magistrate judge for further screening of plaintiff's state law claims in his FAC, Doc. 13, and further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:   November 10, 2025

_____
UNITED STATES DISTRICT JUDGE