1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN KOHUT,                          Case No.  1:22-cv-00472-KES-HBK (PC)

12                  Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                              REGARDING PLAINTIFF'S STATE LAW
13            v.                              CLAIMS[1]

14   M. MARTIN, et al.,                       FOURTEEN-DAY DEADLINE

15                  Defendants.

16

17          Plaintiff Jonathan Kohut is a state prisoner proceeding pro se and *in forma pauperis* on his

18   First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983.  (Doc. No. 13, FAC).  On

19   November 10, 2025, the district judge adopted in part the Findings and Recommendations (F&R)

20   issued by the undersigned.  (Doc. No. 20).  Specifically, the district judge adopted the F&R to the

21   extent the district court found the FAC failed to state a federal conspiracy claim and failed to state

22   a Fourteenth Amendment due process claims related to: (1) the filing of a false disciplinary report

23   (RVR), (2) the lack of sufficient evidence to support a guilty finding of the RVR, and (3) the

24   failure to reverse the guilty finding of the RVR.  (Doc. No 20 at 4 n. 2).[2]  The district judge

25

26   _____
     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. Jan. 2025).
27   [2] All document and page numbers are to the respective pleadings' document number and page number as
     reflected on the Court's Case Management and Electronic Filing System (CM/ECF).
28

1    found, contrary to the F&R, that the Plaintiff had sufficiently pled a Fourteenth Amendment due

2    process claim against Defendant May based on Defendant May's alleged refusal to grant

3    Plaintiff's request for witness testimony at his RVR hearing and May's alleged refusal to provide

4    any explanation for that decision.  (*Id.* at 4).  Because the undersigned found no cognizable

5    federal claims, the undersigned did not consider Plaintiff's pendent state law claim.  (Doc. No. 15

6    at 5).  Thus, the district court referred this matter back to the undersigned for screening of

7    Plaintiff's pendent state law claims.  (Doc. No. 20 at 5).

8            For the reasons set forth below, the undersigned finds the FAC alleges a cognizable state

9    law claim against Defendant May for violation of Article I, Section 7 of the California

10   Constitution, but fails to state any other cognizable state law claim against any other Defendant.

**SCREENING REQUIREMENT**

12           A plaintiff who commences an action while in prison is subject to the Prison Litigation

13   Reform Act ("PLRA"), which requires, inter alia, the court to screen a complaint that seeks relief

14   against a governmental entity, its officers, or its employees before directing service upon any

15   defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

16   dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon

17   which relief may be granted, or if it seeks monetary relief from a defendant who is immune from

18   such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

19           At the screening stage, the court accepts the factual allegations in the complaint as true,

20   construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v.*

21   *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

22   2003).  The Court's review is limited to the complaint, exhibits attached, materials incorporated

23   into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v.*

24   *Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court

25   does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted

26   deductions of fact*.  Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical

27   to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See*

28   *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

2

1    The Federal rules of Civil Procedure require only that a complaint include "a short and

2 plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

3 Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

4 factual detail to allow the court to reasonably infer that each named defendant is liable for the

5 misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

6 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

7 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

8 *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

9 required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10 statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

11 to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

12 2009) (internal quotation marks and citation omitted).

13                    **BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

14    The undersigned limits the facts alleged in the FAC to those that are relevant for purposes

15 of determining only Plaintiff's state law claims against each named defendant.  The FAC

16 identifies the following correctional staff as Defendants: (1) M. Martin, Chief Disciplinary

17 Officer; (2) Lt. Martin; (3) D. May, Senior Hearing Officer; (4) S. Wiswell, Correctional Officer;

18 (5) R. Blancas, Correctional Officer; and (6) M. Reyes, control booth officer.  (Doc. No. 13 at 2,

19 ¶¶ 5-11).  The following facts are presumed to be true at this stage of the screening process.

20    On April 28, 2021, another inmate, Jacob Mills, challenged Plaintiff to a fight while

21 Plaintiff was cleaning tables in the dayroom.  (*Id.* at 4, ¶ 14).  Plaintiff declined the challenge, but

22 Mills "balled up his fists and began swinging at Plaintiff," chased Plaintiff, who attempted to

23 retreat, and continued swinging.  (*Id.* ¶¶ 15-16).  Defendants Wiswell and Blancas entered the

24 dayroom, an alarm was activated, and unspecified Defendants "began to yell orders to 'get down!

25 get down!'" (*Id.* ¶ 16).  After Mills landed a blow that grazed Plaintiff's lip, Plaintiff "returned a

26 single blow that struck Mills in his left orbital region, knocking him to the ground."  (*Id.* at 4-5, ¶¶

27 16-17).  Plaintiff leaned forward anticipating further attack and at that moment Defendant

28 Wiswell pepper sprayed Plaintiff in the face.  (*Id.* ¶ 17).  Plaintiff "proned out" and Defendant

3

1    Wiswell "delivered another burst of pepper spray to the back of Plaintiff's head, and the backs of

2    his hands, and thereby ending the incident." (*Id.* ¶ 17). Plaintiff was then taken to the D Facility

3    gym for decontamination and medical evaluation. (*Id.* at 5, ¶ 18).

4         On April 30, 2021, Plaintiff received a copy of the rule violation report ("RVR") relating

5    to the April 28, 2021 incident. (*Id.* ¶ 19). Plaintiff filed a grievance challenging the narrative of

6    the incident submitted by Defendant Wiswell and making his requirement of witnesses

7    "abundantly clear." (*Id.*). Plaintiff received an incident log package with three narratives

8    submitted by Defendants who were present during the attack—Wiswell, Blancas, and Reyes—

9    which he alleges are false. (*Id.* ¶ 20). Plaintiff filed another grievance challenging the accounts

10   of the incident offered by Defendants Blancas and Reyes. (*Id.*).

11        Plaintiff attaches copies of the three narratives. Defendant Wiswell's narrative, created at

12   23:18:06, states that while monitoring the dayroom he observed two inmates (Mills and Kohut)

13   "striking each other in the upper torso and facial area with their fists." (*Id*. at 32). Defendant

14   Reyes orders all inmates to "Get Down" over the Public Address System. (*Id.*). All inmates

15   except Mills and Kohut complied. (*Id.*). "Mills and Kohut continued to strike each other in the

16   upper torso and facial area with their fists." (*Id.*). He then "observed Mills lose his balance and

17   fall to the ground, landing on his back." (*Id.*). Defendant Blancas' narrative, created at 23:36:43,

18   states that he was monitoring the evening dayroom from the officer's podium when he observed

19   two inmates (Mills and Kohut) "striking each other with their fists, aiming for the upper torso and

20   facial areas." (*Id*. at 33). Blancs and Wiswell ordered the inmates to "Get down" with "negative

21   results." (*Id.*). "Kohut and Mills continued to strike each other with their fists to the facial areas,

22   subsequently Mill[s] fell to the ground laying on his back." (*Id*.). Defendant Reyes' narrative,

23   created at 23:14:06, states that he was in the control booth and monitoring the dayroom when he

24   observed inmates (Mills and Kohut) "engaging in a fight." Both inmates were striking each other

25   with their fists to the upper-torso and facial area." (*Id*. at 34). Reyes' further stated "Kohut

26   knocked Mills to the ground." (*Id*.).

27        Defendant May served as the senior hearing officer at Plaintiff's May 21, 2021

28   disciplinary hearing. (*Id.* ¶ 21). During the hearing, Plaintiff claims he requested four witnesses

4

1    to testify on his behalf, which Defendant May did not permit, nor did she provide any written

2    reason for denying Plaintiff's request.  (*Id.* at 5-6, ¶ 21).  Plaintiff does not identify the names of

3    the witnesses but claims they would have confirmed his version of the events—that Mills was

4    trying to fight Plaintiff, and Plaintiff was trying to avoid a fight but after being struck by Mills,

5    Plaintiff returned a single blow to Mills's head causing Mills to fall to ground and Plaintiff

6    continued to advance toward Mills because Mills appeared to be getting up to continue to fight

7    Plaintiff.

8           Plaintiff attaches a copy of the nine-page Disciplinary Hearing Results Report ("DHRR").

9    (*Id.* at 35-43).  According to the DHRR, Plaintiff was charged with a rule violation for "fighting"

10   in violation of Section 3005(d)(1).  (*Id.* at 35).  Under the "Witnesses" section as to whether

11   "Witnesses Requested at Hearing" the box "None" is checked.  (*Id.* at 38).  Plaintiff offered the

12   following statement in his defense:

13           Staff have this all wrong, the reports state we were swinging at each other striking
             in the face and upper torso area is not true, he was swinging at me.  [T]he 7219's
14           don't reflect injuries or marks to support the reports.  He was trying to fight me and
             I told him I wouldn't fight him.  He came at me swinging at me.  I kept backing
15           away from him trying to avoid fighting.  [H]e swung at me and grazed my lip, so I
             punched him one time and knocked him down.  I thought he was going to get up so
16           I advanced toward him again.  The[n] staff sprayed us.

17   (*Id.* at 39).  May ultimately found Plaintiff guilty of the charge of "fighting" for which he lost 90

18   days credit.  (*Id.* at 5-6, 13, ¶ 21; 42).  The guilty finding has adversely impacted Plaintiff because

19   it is now a part of his permanent record.  (*Id.* at 6 ¶ 22).  Plaintiff filed a grievance challenging

20   Defendant May's finding of guilt for the RVR of fighting.  (*Id.*  ¶ 28).

21          Defendant Lt. Martin[3] investigated Plaintiff's grievance, which alleged Defendants

22   Wiswell, Blancas, and Reyes had made false statements in their narratives of the incident.  (*Id.* at

23   9, ¶ 29).  Plaintiff contends Martin "wilfully [sic] ignore[d] information provided during the

24   inquiry process, furnished by eyewitnesses to the events . . . on April 28, 2021." (*Id.* at 9-10, ¶¶

25   29-30).  Defendant Lt. Martin did not find wrongdoing by Defendants Wiswell, Blancas, and

26   Reyes, and Defendant May did not change his guilty finding on Plaintiff's RVR.  (*Id.* at 9-10, ¶

27

28   _____
     [3] The FAC sues both a Lt. Martin and M. Martin, Chief Disciplinary Officer.

1    30).

2        Plaintiff then sent a letter to the Office of Internal Affairs ("OIA") describing the facts of

3    his case and prison officials' responses.  (*Id.* at 10, ¶ 31).  OIA sent Plaintiff a letter in response

4    and forwarded Plaintiff's letter to M. Martin, the Chief Disciplinary Officer.  (*Id.*).  M. Martin

5    sent a letter to Plaintiff responding to the allegations made in the letter to OIA.  (*Id.* at 10, 19, ¶

6    31, 69).

7        Based on the above events, in addition to his Fourteenth Amendment due process claims

8    (Count One), Plaintiff alleges the following pendent state law claims:

9        Count Two: state due process claims against Defendants M. Martin, Lt. Martin, and D.

10   May under Article I, Sections 7 and 28 of the California Constitution (*id.* at 14-15);

11       Count Three: Bane Act claims against unspecified Defendants (*id.* at 15);

12       Count Four: "Abuse of Process" claims against all Defendants (*id.* at 15-17);

13       Count Five: "Conspiracy" claims against all Defendants (*id.* at 17-18);

14       Count Six: "Negligence" claims against unspecified Defendants (*id.* at 18-19); and

15       Count Seven: "Intentional Infliction of Emotional Distress" ("IIED") claims against

16   unspecified Defendants (*id.* at 19-21).

17       As relief, Plaintiff seeks declaratory and injunctive relief, in addition to compensatory,

18   nominal, and punitive damages and costs on each of his claims.  (*Id.* at 21).

19                    **APPLICABLE LAW AND ANALYSIS**

20       **A.  Compliance With Government Claims Act**

21       Under California law, to state a tort claim against a public entity or public employee, a

22   plaintiff must allege compliance with the presentment of claims requirements of the California

23   Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles*

24   *Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Fisher v. Pickens*, 225 Cal. App. 3d 708, 718

25   (1990).  In his FAC, Plaintiff states he complied with the requirements of the California

26   Government Claim Act.  (Doc. No. 13 at 3).  Plaintiff attaches as an exhibit one page of his claim

27   form and the November 24, 2021 response he received from the California Department of

28   General Services regarding claim no. 21005089.  (*Id.* at 62-63).  For purposes of screening only,

6

1    the Court accepts Plaintiff's averments that he fully complied with the Government Claims Act

2    for each of his pendent state claims and should not be construed as a finding that the state law

3    claims advanced herein conform with the claims Plaintiff raised on the state claim form.[4]

### B.  Claim Two: Article I, Section 7 of the California Constitution Against All Named Defendants

#### 1.  Article I, Section 7

Plaintiff alleges Defendant May violated Plaintiff's due process rights under Article I,

Section 7 of the California Constitution by failing to summon his witnesses.  (Doc. No. 13 at 14, ¶

47).  Section 7 states: "A person may not be deprived of life, liberty, or property without due

process of law."  Because Article I, Section 7's language is essentially identical to the federal due

process clause, state due process claims are "subject to the same analysis" as federal claims, "with

the caveat that California courts place a higher significance on the dignitary interest inherent in

providing proper procedure."  *Nozzi v. Hous. Auth. of the City of L.A.*, 806 F.3d 1178, 1190 n.15,

1199 (9th Cir. 2015) (as amended) (citation omitted).

Relevant to Plaintiff's due process claim against Defendant May, the district court held:

> Plaintiff states a cognizable claim for a violation of his Fourteenth Amendment right to procedural due process, based on defendant May's alleged refusal to grant his request for witness testimony at his RVR hearing and May's alleged refusal to provide any explanation for that decision.

(Doc. No. 20 at 4).  Because California state due process claims are subject to the same

analysis as federal claims and the district court found Plaintiff stated a cognizable claim for

violation of his Fourteenth Amendment right to due process against Defendant May,

Plaintiff has also stated a cognizable claim under Article I Section 7 of the California

Constitution against Defendant May.  *Vaquero Energy, Inc. v. Cnty. of Kern*, 42 Cal. App.

5th 312, 333(2019) ("federal and state due process clauses provide the same level of

---

[4] "'[T]he factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint." *Turner v. State of California*, 232 Cal.App.3d 883, 888(1991).

7

1 protection").[5]

2      Plaintiff attributes liability to Defendants M. Martin and Lt. Martin stemming from

3 their failure "to take remedial actions" once alerted about May's failure to afford him

4 witnesses and the false accounts submitted by Defendants S. Wiswell, R. Blanca, and M.

5 Reyes.  (Doc. No. 13 at 14, ¶ 48).  The undersigned found no due process claims against

6 Defendants M. Martin and Lt. Martin because "[e]ven if Defendant Martin's investigation

7 was deficient" "there is no liberty interest in compliance with state prison regulations or

8 investigations conducted under [Title 15] regulations."  (Doc. No. 15 at 13).  Further, the

9 district court already determined that the FAC failed to state any due process claims against

10 the remaining Defendants M. Martin, Lt. Martin, Wiswell, Blancas, and Reyes for their

11 involvement related to the RVR.  In pertinent part, the district court held:

12     The magistrate judge correctly found, for the reasons set forth in the findings and
recommendations, that plaintiff failed to state a claim as to his remaining due
13     process violation theories, which included: (1) the filing of a false disciplinary
report, (2) a lack of sufficient evidence to find plaintiff guilty of a violation, and (3)
14     a failure to reverse plaintiff's guilty finding. Doc. 15 at 9–14.

15 (*Id.* at 4 n. 2).  *Supra*, Plaintiff's state constitutional claims are subject to the same federal due

16 process analysis.  The district court determined the FAC failed to state any due process claim

17 against Defendants M. Martin, Lt. Martin, Wiswell, Blancas, and Reyes.  Thus, Plaintiff's state

18 due process claims against the Defendants, other than Defendant May, are subject to dismissal.

19 *Doe v. Cty. of Orange*, No. 8:20-cv-00322-JWH (GJS), 2022 WL 18776166, at *34 (C.D. Cal.

20 Dec. 16, 2022) ("Plaintiff's inability to show a federal due process violation precludes finding a

21 state due process violation, as the federal and state due process clauses essentially are the same.").

22     **2.  Article I, Section 28 Against All Named Defendants**

23     In addition to Section 7, Plaintiff vaguely states he seeks declaratory relief against all

24 Defendant for a violation of Article I, Section 28 of the California Constitution.  (Doc. No. 13 at

25 14-15, ¶ 50).  The FAC otherwise contains no other averments other than this isolated reference

26 _____

[5] Plaintiff cannot recover monetary damages for a violation of Section 7.  *Doe v. Cty. of Orange*, No. 8:20-
27 cv-00322-JWH (GJS), 2022 WL 18776166, at *34 (C.D. Cal. Dec. 16, 2022) ("Numerous federal district
courts in California have concluded that a plaintiff cannot recover monetary damages for an asserted
28 violation of Section 7") (collecting cases).

1   to Section 28.  Article I, Section 28, titled "Findings and declaration; rights of victims;

2   enforcement," commonly known as "Marsy's Law," "added to the California Constitution various

3   rights that may be exercised by crime victims, including the right to recover restitution from

4   convicted criminals." *People v. Subramanyan*, 246 Cal. App. 4th Supp. 1, 5 2016); *Panah v.*

5   *State Dep't of Corr. & Rehab.*, No. 14-00166 BLF (PR), 2019 WL 4168967, at *8 (N.D. Cal. Sep.

6   3, 2019).  Marsy's Law does not create a "cause of action for compensation or damages against

7   the State, any political subdivision of the State, any officer, employee, or agent of the State or of

8   any of its political subdivisions, or any officer or employee of the court." Cal. Const. art. I,

9   § 28(c)(2).

10       Plaintiff has not alleged he is a victim under Marsy's Law, nor that any Defendants were

11   subjected to state criminal proceedings in connection with the issuance of his RVR.  *Panah v.*

12   *State Dep't of Corr. & Rehab.*, No. 14-00166 BLF (PR), 2019 WL 4168967, at *8 (N.D. Cal. Sep.

13   3, 2019) (denying plaintiff's motion for declaration of rights under Marsy's Law when none of

14   the defendants were defendants in a state criminal proceeding).  Although pro se pleadings are

15   liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague

16   allegations are not adequate to support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266,

17   268 (9th Cir. 1982).  Merely stating Defendants violated Article I, Section 28 of the California

18   Constitution is not sufficient to state a claim.  Without alleging facts that Plaintiff is a victim

19   entitled to relief from Defendants in a state criminal proceeding, Plaintiff's claims under Article I,

20   Section 28 fail to state a claim.  Thus, the FAC fails to state a claim for violations of Article I,

21   Section 28 against any Defendant.

22       **C.  Count Three: The Bane Act Against Unspecified "Defendants"**

23       The FAC attributes a Bane Act violation to all "Defendants" who were "acting in concert

24   and/or conspiracy, with threat, intimidation, and/or coercion" to violate Plaintiff's rights under the

25   Bane Act.  (Doc. No. 13 at 15, ¶ 52).  California Civil Code § 52.1 ("Section 52.1"), the so-called

26   "Bane Act," permits a private right of action for damages:

27           If a person or persons, whether or not acting under color of law,
            interferes by threats, intimidation, or coercion, or attempts to
28           interfere by threats, intimidation, or coercion, with the exercise or

1

2

enjoyment by any individual or individuals of rights secured by the
Constitution or laws of the United States, or of the rights secured by
the Constitution or laws of this state . . .

3

4

5

6

7

8

9

10

11

12

13

14

Cal. Civ. Code § 52.1(a) (emphasis added).  A claim under section 52.1 requires "an attempted or

completed act of interference with a legal right, accompanied by a form of coercion." *Jones v.*

*Kmart Corp.*, 949 P.2d 941, 942 (1998).  The essence of a Bane Act claim is that a defendant,

through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing

something that he had the right to do under the law or to force the plaintiff to do something that

he was not required to do under the law.  *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr.

3d 454, 472 (2007) (quotation marks omitted).  Although a complaint need not use the statutory

terms "threats, intimidation, or coercion," it must allege facts from which the presence of threats,

intimidation, or coercion may be inferred.  *See Lopez v. County of Tulare*, 2012 WL 33244, * 11

(E.D. Cal. Jan. 6, 2012).  Additionally, the statute was adopted "to address interference with

constitutional rights involving more egregious conduct than mere negligence." *Shoyoye v. Cnty.*

*of Los Angeles*, 203 Cal. App. 4th 947, 958 (2012).

15

16

17

18

19

20

21

22

23

24

    As a threshold matter, the FAC fails to identify what specific action each Defendant did

that violated the Bane Act.  Generally referring to "defendants" fails to put each individual

defendant on notice of the claims against them.  *Elias v. Johnson*, No. 2:20-CV-07171-MWF-JC,

2025 WL 2019953, at *7 (C.D. Cal. May 29, 2025).  Plaintiff must link each defendant to the

alleged action or failure to act that gives rise to his Bane Act claims.  *See Destfino v. Reiswig*, 630

F.3d 952, 958 (9th Cir. 2011) (affirming dismissal of "shotgun pleading" that lacked specificity as

to the allegations against each individual defendant); *Jones v. Cnty. Redev. Agency,* 733 F.2d 646,

649 (9th Cir. 1984); s*ee also Harris v. Wells Fargo Bank, N.A.,* 2011 WL 6294249, *2 (E.D. Cal.

2011) ("Plaintiffs allegations fail to satisfy the liberal pleading standards as set forth in

[Twombly] and [Iqbal].

25

26

27

28

    Additionally, Plaintiff's Bane Act claim consists only of conclusory allegations.  The FAC

is devoid of any facts from which the Court can infer that any Defendant used threats,

intimidation, or coercion to deprive Plaintiff of his civil rights.  Although pro se pleadings are

1  liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972), conclusory and vague

2  allegations are not adequate to support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266,

3  268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply

4  essential elements of the claim that were not initially pled.  *Id.*  Thus, the FAC fails to plead a

5  Bane Act violation against any Defendant.

6        **D.  Count Four: Abuse of Process Against All Named Defendants**

7            Plaintiff's claim for abuse of process stems from the issuance of the RVR, the disciplinary

8  hearing on Plaintiff's RVR, and Plaintiff's eventual finding of guilt for the RVR.  Specifically,

9  Plaintiff claims abuse of process due to:

10           submission off false reports, the failure to summon [Plaintiff's]
            requested witnesses on his behalf, the failure to provide the [Plaintiff]
11           with an impartial decision maker during adjudicatory proceedings, the
            failure to reach a decision by preponderance of the evidence, and the
12           repeated denial of administrative relief subsequent to a finding of guilt
            being entered in violation of established authorities governing
13           disciplinary hearings in CDCR when liberty interests are potentially
            affected and/or in jeopardy.
14

15  (Doc. No. 13 ¶ 56).

16           A violation of the common law tort of abuse of process occurs when someone "uses the

17  court's process for a purpose other than that for which the process was designed."  *Yee v. Superior*

18  *Court*, 31 Cal. App. 5th 26 (2019).  To state a claim for abuse of process, a plaintiff must allege

19  the defendant "(1) contemplated an ulterior motive in using the process, and (2) committed a

20  willful act in the use of the process not proper in the regular conduct of the proceedings." *Yee v.*

21  *Superior Court*, 31 Cal. App. 5th 26 (2019) (citing *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006)).

22           A disciplinary hearing is not a court process and fails to satisfy the second element of

23  abuse of process.  *Meadows v. Bakersfield Sav. & Loan Ass'n*, 250 Cal. App. 2d 749, 753(1967)

24  ("Since defendant took no action pursuant to authority of court, directly or by ancillary

25  proceedings, no judicial process was abused.").  Because Plaintiff's abuse of process claim is

26  predicated upon each Defendant's involvement in the RVR process, which does not equate to a

27  court process, the FAC fails to state a cognizable claim for abuse of process against any

28  Defendant.

1

**E.  Count Five: Conspiracy Against All Named Defendants**

2

Plaintiff claims Defendants Wisell, Blanca, and Reyes collaborated to submit "fabricated

3

reports" that attributed to Plaintiff being charged with the "fighting" RVR.  (Doc. No. 13 at 17, ¶

4

63).  Defendants M. Martin, Lt. Martin, and D. May "furthered the conspiracy" by not

5

summoning the witnesses Plaintiff designated, finding him guilty, and not dismissing the charge.

6

(*Id.*, ¶ 65).

7

"The elements of an action for civil conspiracy are the formation and operation of the

8

conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the

9

common design . . ." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994)

10

(citation omitted).  To be liable, the person must have knowledge of the planned tort and an intent

11

to aid in its commission.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995).

12

Like federal law, civil conspiracy is not a freestanding claim under California law.  *Id*.  To state a

13

claim for conspiracy under California state law "a plaintiff must allege conspiracy as a separate

14

cause of action and tie it to some other tort alleged in the complaint (i.e. conspiracy to

15

misappropriate trade secrets) . . ." *Axos Bank v. Nano Banc*, 2025 WL 1675526, at *2 (C.D. Cal.

16

Apr. 30, 2025).

17

The district court found the FAC failed to allege a conspiracy claim under federal law.

18

(Doc. No. 20 at 4, fn. 2).  For the same reasons, Plaintiff's state law conspiracy claim fails.  Here,

19

the FAC alleges no specific facts for the Court to infer that Defendants had an agreement to

20

deprive Plaintiff of a right or agreement to commit a tort against Plaintiff.  Instead, the FAC

21

contains only conclusory allegations that the Defendants colluded or conspired against Plaintiff.

22

Further, as more fully explained below, other than the state due process claim against Defendant

23

May, the undersigned finds the FAC fails to allege any state claims against the Defendants.

24

Plaintiff fails to connect the acts of the other Defendants to Defendant May's refusal to allow

25

Plaintiff to call four witnesses in his defense at his RVR.  *See Applied Equipment*, 869 P.2d 457

26

(requiring that conspiracy be tied to "the wrongful act" committed by another tortfeasor).  Thus,

27

the FAC fails to state a conspiracy claim against any Defendants.

28

**F.  Count Six: Negligence Against All Named Defendants**

1    In support of his negligence claim, Plaintiff alleges "Defendants" had a "duty as peace

2    officers" to "abide by the 15 CCR, DOM, PVSP-OP Manual, and the 'Truth-In-Evidence' clause

3    of the California Constitution, in conjunction with the Penal Code, as well, as the Government

4    Code that function alongside the aforementioned authorities." (*Id.* at 19,¶ 69). Plaintiff contends

5    that Defendants breached these duties, and, as a result, Plaintiff suffered a loss of good conduct

6    credits, incurred a RVR in his central file, and had his legal standing "adversely affected." (*Id.* at

7    6, 18-19,¶¶ 22, 67-72).

8    "To state a claim for negligence under California law, [p]laintiffs must allege a duty,

9    breach of that duty, causation, and damages." *Stepanyan v. United States*, 2020 WL 8365242, at

10    *6 (C.D. Cal. Dec. 14, 2020) (citing *Carrera v. Maurice J. Sopp & Son*, 177 Cal. App. 4th 366,

11    377 (2009)). In California, government tort liability requires the existence of a statutory duty.

12    *Searcy v. Hemet Unified School Dist.*, 177 Cal. App. 3d 792, 802 (1986).

13    Again, as a threshold matter, the FAC claim of negligence against "Defendants" without

14    specifying which Defendants specifically violated Plaintiff's rights fails to satisfy Rule 8's

15    pleading requirement. As explained *supra*, referring to all "Defendants" generally fails to put

16    each individual defendant on notice of the claims against them. *Elias v. Johnson*, No. 2:20-CV-

17    07171-MWF-JC, 2025 WL 2019953, at *7 (C.D. Cal. May 29, 2025). Moreover, other than

18    citing to a litany of manuals and regulations, the FAC fails to point with any specificity to a

19    *mandatory*, non-discretionary duty of care, and a specific officer's violation of that duty that

20    directly caused injury to Plaintiff. *See e.g.*, *Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 720

21    (2001) (finding policy manuals do not establish a standard of care). Therefore, the FAC fails to

22    state a negligence claim against any Defendant.

23    Plaintiff's FAC also contains various references to the "Right to Truth-in-Evidence" Act.

24    (Doc. No. 13 at 18-19, ¶ 68). The "Right to Truth in-Evidence" Act states

25
> Except as provided by statute hereafter enacted by a two-thirds vote of the
> membership in each house of the Legislature, relevant evidence shall not be

26
> excluded in any **criminal proceeding**, including pretrial and post-conviction
> motions and hearings, or in any trial or hearing of a juvenile for a criminal offense,

27
> whether heard in juvenile or adult court. Nothing in this section shall affect any
> existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code

28

1    Sections 352, 782 or 1103.  Nothing in this section shall affect any existing statutory
2    or constitutional right of the press.

3    Cal Const, Art. I § 28(f)(2) (emphasis added).  The "Right to Truth in-Evidence" Act only applies

4    to criminal proceedings.  Here, Plaintiff's due process claim arises out of the process he received

5    at his disciplinary hearing on his RVR.  (*See* Doc. No. 13).  It has long been established that a

6    disciplinary hearing is not a criminal proceeding.  *Wolff v. McDonnell*, 418 U.S. 539, 555-56

7    (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution.").  Therefore,

8    Plaintiff cannot state a claim for violation of this Act against any Defendant.

9    **G.  Count Seven:  Intentional Inflection of Emotional Distress**

10   Plaintiff contends that Defendants' "conduct was intentional, and was carried out with the

11   sole aim and purpose of causing anguish and/o[r] humiliation to [Plaintiff] . . . ."  (Doc. No. 13 at

12   20, ¶ 77).

13   To state a claim of intentional inflection of emotional distress (IIED) under California

14   law, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the

15   intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

16   plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation

17   of the emotional distress by the defendant's outrageous conduct."  *Lawler v. Montblanc N. Am.*,

18   LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted).  Conduct is "outrageous" or

19   "extreme" where it "exceed[s] all bounds of that usually tolerated in a civilized society."

20   *Schneider v. TRW, Inc*., 938 F.2d 986, 992 (9th Cir. 1991) (internal quotation and citation

21   omitted); *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (conduct must be "so

22   extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as

23   atrocious, and utterly intolerable in a civilized community.").  "The tort calls for intentional, or at

24   least reckless conduct—conduct intended to inflict injury or engaged in with the realization that

25   injury will result."  *Davidson v. City of Westminster*, 32 Cal. 3d 197, 210 (1982).

26   The FAC does not provide sufficient factual allegations to state a cause of action for IIED.

27   The FAC fails to allege any conduct by any Defendant that rises to the level of extreme or

28   outrageous.  Here, Plaintiff's IIED claim stems solely from each Defendants' involvement in the

14

1    issuance of an RVR, the disciplinary hearing for the RVR, and refusal to reverse the finding of

2    guilt for fighting.  (*Id.* at 20, ¶ 75).  There are no allegations that the subject's RVR was issued as a

3    pattern of harassment or issued in retaliation for Plaintiff exercising his legal rights.  Even if false,

4    the RVR did not charge Plaintiff with embarrassing or humiliating conduct such that the alleged

5    falsehoods could be deemed malicious.  Similarly, the narratives contained only a factual

6    recitation of the events that Defendants Wisell, Blanca, and Reyes observed.  Plaintiff does not

7    deny that he was involved in a fight with Mills, nor that he struck Mills in the head causing Mills

8    to fall to the ground.  While Plaintiff describes the events differently and disagrees with his guilty

9    finding, none of the actions taken by the Defendants amount to extreme or outrageous conduct.

10   *See Tanielian v. Guerrero*, No. 1:23-CV-01384-KES-CDB, 2025 WL 3292369, at *5 (E.D. Cal.

11   Nov. 26, 2025), *report and recommendation adopted sub nom.*  No. 1:23-CV-01384-KES-CDB,

12   2025 WL 3756936 (E.D. Cal. Dec. 29, 2025) (concluding remarks to inmate and subsequent

13   "issuance of a RVR on another occasion are more akin to insults, indignities, threats, annoyances,

14   petty oppressions or trivialities.").

15          Further, Plaintiff fails to allege any specific facts to support an allegation that Defendants

16   actions were done for the purpose of causing him emotional distress.  (Doc. No. 13 at 19-21, ¶¶

17   73-80).  *See Griffin v. Zurbano*, No. 16-CV-2715-JLS-WVG, 2019 WL 585353, at *10 (S.D. Cal.

18   Feb. 13, 2019), *report and recommendation adopted*, No. 16-CV-2715 JLS (WVG), 2019 WL

19   1012002 (S.D. Cal. Mar. 4, 2019), *vacated*, No. 16-CV-2715 JLS (WVG), 2019 WL 13489906

20   (S.D. Cal. Mar. 21, 2019), and *report and recommendation adopted*, No. 16-CV-2715 JLS

21   (WVG), 2019 WL 13490434 (S.D. Cal. Apr. 16, 2019), *aff'd*, 813 F. App'x 330 (9th Cir. 2020)

22   (finding allegations of an RVR even if based off of false reports did not give rise to claim of IIED

23   when plaintiff failed to provide facts to support defendants acted with the purpose or reckless

24   disregard of causing plaintiff emotional distress).  Finally, the Prison Litigation Reform Act bars

25   lawsuits for mental or emotional injury resulting from prison conditions unless a physical injury

26   is shown. 42 U.S.C. § 1997(e).  Here, Plaintiff alleges no physical injury.

27          Accordingly, the undersigned finds the FAC fails to state a cognizable claim for

28   intentional infliction of emotional distress against any Defendant.

1

**CONCLUSION**

2    For the reasons set forth above, the undersigned finds the FAC states a cognizable state

3  law claim for violation of Article I, Section 7 of the California Constitution, due process, against

4  Defendant May but fails to state any other cognizable state law claim against any other

5  Defendant.

6    Accordingly, it is hereby RECOMMENDED:

7    1.  In addition to Plaintiff's Fourteenth Amendment due process claim, Plaintiff be

8        permitted to proceed on his state due process law claim under Article I, Section 7 of

9        the California Constitution against Defendant May.

10    2.  All other state law claims against all other Defendants deemed not cognizable be

11        dismissed.

12    3.  Defendants M. Martin, Lt. Martin, S. Wiswell, R. Blanca, and M. Reyes be dismissed

13        from this action and this action remain only against Defendant May on Plaintiff's

14        Fourteenth Amendment and state law due process claim based on Defendant May's

15        alleged refusal to grant Plaintiff's request for witness testimony at his RVR hearing

16        and May's alleged refusal to provide any explanation for that decision.

17

**NOTICE TO PARTIES**

18    These Findings and Recommendations will be submitted to the United States District

19  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

20  after being served with a copy of these Findings and Recommendations, a party may file written

21  objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,

22  "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

23  **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

24  wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

25  CM/ECF document and page number, when possible, or otherwise reference the exhibit with

26  specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

27  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

28  636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:   January 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE