UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN KOHUT, | Case No. 1:22-cv-00472-KES-HBK |
| Plaintiff, | AMENDED FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S STATE LAW CLAIMS[1] |
| v. | |
| M. MARTIN, et al., | FOURTEEN-DAY DEADLINE |
| Defendants. | |

Plaintiff Jonathan Kohut is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. (Doc. 13). On November 10, 2025, the district judge adopted in part the Findings and Recommendations ("F&R") issued by the undersigned. (Doc. 20). Specifically, the district judge adopted the F&R to the extent the district court found the FAC failed to state a federal conspiracy claim and failed to state a Fourteenth Amendment due process claims related to: (1) the filing of a false disciplinary report (RVR), (2) the lack of sufficient evidence to support a guilty finding of the RVR, and (3) the failure to reverse the guilty finding of the RVR. (Doc. 20 at 4 n.2). The district judge found, contrary to the F&R, that the Plaintiff had sufficiently pled a Fourteenth Amendment due process claim against Defendant May based on Defendant May's alleged refusal to grant Plaintiff's

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. Jan. 2025). These Amended Findings and Recommendations supersede the undersigned's Findings and Recommendations issued on January 5, 2026. (Doc. 22).

request for witness testimony at his RVR hearing and May's alleged refusal to provide any explanation for that decision. (*Id.* at 4). Because the undersigned found no cognizable federal claims, the undersigned did not consider Plaintiff's pendent state law claim. (Doc. 15 at 5). Thus, the district court referred this matter back to the undersigned for screening of Plaintiff's pendent state law claims. (Doc. 20 at 5).

On January 5, 2026, the undersigned issued a further F&R recommending that Plaintiff be permitted to proceed on his state law claim against Defendant May for violation of Article I, Section 7 of the California Constitution, but not on any other state law claims. (Doc. 21). Plaintiff's filed objections to this F&R. (Doc. 22). In his objections, Plaintiff appears to have waived his claims for conspiracy (Count Five) and intentional infliction of emotional distress (Count Seven) but further elaborated on his other state law claims. (*Id.* at 1). Having considered Plaintiff's arguments and citation to case law, the undersigned *sua sponte* issues these Amended Findings and Recommendation regarding Plaintiff's state law claims.

**With regards to Plaintiff's state law claims, the undersigned finds the FAC states cognizable claims against Defendant May for violation of Article I, Section 7 of the California Constitution (Count Two) and for violation of California Civil Code § 52.1, the Bane Act (Count Three). Otherwise, the FAC does not adequately allege a cognizable claim against any other defendant or for the remainder of the state law causes of action.**

## SCREENING REQUIREMENT

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v.*

2

*McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

The undersigned limits the facts alleged in the FAC to those that are relevant for purposes of determining only Plaintiff's state law claims against each named defendant. The FAC identifies the following correctional staff as Defendants: (1) M. Martin, Chief Disciplinary Officer; (2) Lt. Martin; (3) D. May, Senior Hearing Officer; (4) S. Wiswell, Correctional Officer; (5) R. Blancas, Correctional Officer; and (6) M. Reyes, control booth officer. (Doc. 13 at 2, ¶¶ 5-11). The following facts are presumed to be true at this stage of the screening process.

On April 28, 2021, another inmate, Jacob Mills, challenged Plaintiff to a fight while

Plaintiff was cleaning tables in the dayroom.  (*Id.* at 4, ¶ 14).  Plaintiff declined the challenge, but Mills "balled up his fists and began swinging at Plaintiff," chased Plaintiff, who attempted to retreat, and continued swinging.  (*Id.* ¶¶ 15-16).  Defendants Wiswell and Blancas entered the dayroom, an alarm was activated, and unspecified Defendants "began to yell orders to 'get down! get down!'"  (*Id.* ¶ 16).  After Mills landed a blow that grazed Plaintiff's lip, Plaintiff "returned a single blow that struck Mills in his left orbital region, knocking him to the ground."  (*Id.* at 4-5, ¶¶ 16-17).  Plaintiff leaned forward anticipating further attack and at that moment Defendant Wiswell pepper sprayed Plaintiff in the face.  (*Id.*, ¶ 17).  Plaintiff "proned out" and Defendant Wiswell "delivered another burst of pepper spray to the back of Plaintiff's head, and the backs of his hands, and thereby ending the incident."  (*Id.*, ¶ 17).  Plaintiff was then taken to the D Facility gym for decontamination and medical evaluation.  (*Id.* at 5, ¶ 18).

On April 30, 2021, Plaintiff received a copy of the rule violation report ("RVR") relating to the April 28, 2021 incident.  (*Id.*, ¶ 19).  Plaintiff filed a grievance challenging the narrative of the incident submitted by Defendant Wiswell and making his requirement of witnesses "abundantly clear."  (*Id.*).  Plaintiff received an incident log package with three narratives submitted by Defendants who were present during the attack—Wiswell, Blancas, and Reyes— which he alleges "were comprised of numerous fabrications and falsities."  (Doc. 13 at 5-6, ¶¶ 20, 22).  Plaintiff filed another grievance challenging the accounts of the incident offered by Defendants Blancas and Reyes.  (*Id.*).

Plaintiff attaches copies of the three narratives.  Defendant Wiswell's narrative, created at 23:18:06, states that while monitoring the dayroom he observed two inmates (Mills and Kohut) "striking each other in the upper torso and facial area with their fists."  (*Id*. at 32).  Defendant Reyes orders all inmates to "Get Down" over the Public Address System.  (*Id*.).  All inmates except Mills and Kohut complied.  (*Id*.).  "Mills and Kohut continued to strike each other in the upper torso and facial area with their fists."  (*Id.*).  He then "observed Mills lose his balance and fall to the ground, landing on his back."  (*Id.*).  Defendant Blancas' narrative, created at 23:36:43, states that he was monitoring the evening dayroom from the officer's podium when he observed two inmates (Mills and Kohut) "striking each other with their fists, aiming for the upper torso and

facial areas." (*Id*. at 33).  Blancs and Wiswell ordered the inmates to "Get down" with "negative results." (*Id.*).  "Kohut and Mills continued to strike each other with their fists to the facial areas, subsequently Mill[s] fell to the ground laying on his back." (*Id.*).  Defendant Reyes' narrative, created at 23:14:06, states that he was in the control booth and monitoring the dayroom when he observed inmates (Mills and Kohut) "engaging in a fight."  Both inmates were striking each other with their fists to the upper-torso and facial area." (*Id*. at 34).  Reyes' further stated "Kohut knocked Mills to the ground." (*Id*.).

Defendant May served as the senior hearing officer at Plaintiff's May 21, 2021 disciplinary hearing.  (*Id.*, ¶ 21).  During the hearing, Plaintiff claims he requested four witnesses to testify on his behalf, which Defendant May did not permit, nor did she provide any written reason for denying Plaintiff's request.  (*Id.* at 5-6, ¶ 21).  Plaintiff does not identify the names of the witnesses but claims they would have confirmed his version of the events—that Mills was trying to fight Plaintiff, and Plaintiff was trying to avoid a fight but after being struck by Mills, Plaintiff returned a single blow to Mills's head causing Mills to fall to ground and Plaintiff continued to advance toward Mills because Mills appeared to be getting up to continue to fight Plaintiff.

Plaintiff attaches a copy of the nine-page Disciplinary Hearing Results Report ("DHRR"). (*Id.* at 35-43).  According to the DHRR, Plaintiff was charged with a rule violation for "fighting" in violation of Section 3005(d)(1).  (*Id.* at 35).  Under the "Witnesses" section as to whether "Witnesses Requested at Hearing" the box "None" is checked.  (*Id.* at 38).  Plaintiff offered the following statement in his defense:

> Staff have this all wrong, the reports state we were swinging at each other striking in the face and upper torso area is not true, he was swinging at me.  [T]he 7219's don't reflect injuries or marks to support the reports.  He was trying to fight me and I told him I wouldn't fight him.  He came at me swinging at me.  I kept backing away from him trying to avoid fighting.  [H]e swung at me and grazed my lip, so I punched him one time and knocked him down.  I thought he was going to get up so I advanced toward him again.  The[n] staff sprayed us.

(*Id*. at 39).  May ultimately found Plaintiff guilty of the charge of "fighting" for which he lost 90

days credit.  (*Id.* at 5-6, 13, ¶ 21; 42).  The guilty finding has adversely impacted Plaintiff because it is now a part of his permanent record.  (*Id.* at 6, ¶ 22).  Plaintiff filed a grievance challenging Defendant May's finding of guilt for the RVR of fighting.  (*Id.*  ¶ 28).

Defendant Lt. Martin[2] investigated Plaintiff's grievance, which alleged Defendants Wiswell, Blancas, and Reyes had made false statements in their narratives of the incident.  (*Id.* at 9, ¶ 29).  Plaintiff contends Martin "wilfully [sic] ignore[d] information provided during the inquiry process, furnished by eyewitnesses to the events . . . on April 28, 2021."  (*Id.* at 9-10, ¶¶ 29-30).  Defendant Lt. Martin did not find wrongdoing by Defendants Wiswell, Blancas, and Reyes, and Defendant May did not change his guilty finding on Plaintiff's RVR.  (*Id.* at 9-10, ¶ 30).

Plaintiff then sent a letter to the Office of Internal Affairs ("OIA") describing the facts of his case and prison officials' responses.  (*Id.* at 10, ¶ 31).  OIA sent Plaintiff a letter in response and forwarded Plaintiff's letter to M. Martin, the Chief Disciplinary Officer.  (*Id.*).  M. Martin sent a letter to Plaintiff responding to the allegations made in the letter to OIA.  (*Id.* at 10, 19, ¶ 31, 69).

Based on the above events, in addition to his Fourteenth Amendment due process claims (Count One), Plaintiff alleges the following pendent state law claims:

Count Two: state due process claims against Defendants M. Martin, Lt. Martin, and D. May under Article I, Sections 7 and 28 of the California Constitution (*id.* at 14-15);

Count Three: Bane Act claims against unspecified Defendants (*id.* at 15);

Count Four: "Abuse of Process" claims against all Defendants (*id.* at 15-17);

Count Five: "Conspiracy" claims against all Defendants (*id.* at 17-18);

Count Six: "Negligence" claims against unspecified Defendants (*id.* at 18-19; and

Count Seven: "Intentional Infliction of Emotional Distress" ("IIED") claims against unspecified Defendants (*id.* at 19-21).

////

---

[2] The FAC sues both a Lt. Martin and M. Martin, Chief Disciplinary Officer.

6

As relief, Plaintiff seeks declaratory and injunctive relief, in addition to compensatory, nominal, and punitive damages and costs on each of his claims.  (*Id*. at 21).

## APPLICABLE LAW AND ANALYSIS

### A.  Compliance With Government Claims Act

Under California law, to state a tort claim against a public entity or public employee, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988); *Fisher v. Pickens*, 225 Cal. App. 3d 708, 718 (1990).  In his FAC, Plaintiff states he complied with the requirements of the California Government Claim Act.  (Doc. 13 at 3).  Plaintiff attaches as an exhibit one page of his claim form and the November 24, 2021 response he received from the California Department of General Services regarding claim no. 21005089.  (*Id*. at 62-63).  For purposes of screening only, the Court accepts Plaintiff's averments that he fully complied with the Government Claims Act for each of his pendent state claims and should not be construed as a finding that the state law claims advanced herein conform with the claims Plaintiff raised on the state claim form.[3]

### B.  Count Two: Article I, Section 7 of the California Constitution Against All Named Defendants

#### 1.  Article I, Section 7

Plaintiff alleges Defendant May violated Plaintiff's due process rights under Article I, Section 7 of the California Constitution by failing to summon his witnesses.  (Doc. 13 at 14, ¶ 47).  Section 7 states: "A person may not be deprived of life, liberty, or property without due process of law."  Because Article I, Section 7's language is essentially identical to the federal due process clause, state due process claims are "subject to the same analysis" as federal claims, "with the caveat that California courts place a higher significance on the dignitary interest inherent in providing proper procedure."  *Nozzi v. Hous. Auth. of the City of L.A.*, 806 F.3d 1178, 1190 n.15,

---

[3] "[T]he factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint."  *Turner v. State of California*, 232 Cal.App.3d 883, 888 (1991).

1199 (9th Cir. 2015) (as amended) (citation omitted).

Relevant to Plaintiff's due process claim against Defendant May, the district court held:

> Plaintiff states a cognizable claim for a violation of his Fourteenth Amendment right to procedural due process, based on defendant May's alleged refusal to grant his request for witness testimony at his RVR hearing and May's alleged refusal to provide any explanation for that decision.

(Doc. 20 at 4). Because California state due process claims are subject to the same analysis as federal claims and the district court found Plaintiff stated a cognizable claim for violation of his Fourteenth Amendment right to due process against Defendant May, Plaintiff has also stated a cognizable claim under Article I Section 7 of the California Constitution against Defendant May. *Vaquero Energy, Inc. v. Cnty. of Kern*, 42 Cal. App. 5th 312, 333 (2019) ("federal and state due process clauses provide the same level of protection").[4]

Plaintiff attributes liability to Defendants M. Martin and Lt. Martin stemming from their failure "to take remedial actions" once alerted about May's failure to afford him witnesses and the false accounts submitted by Defendants S. Wiswell, R. Blanca, and M. Reyes. (Doc. 13 at 14, ¶ 48). The undersigned found no due process claims against Defendants M. Martin and Lt. Martin because "[e]ven if Defendant Martin's investigation was deficient" "there is no liberty interest in compliance with state prison regulations or investigations conducted under [Title 15] regulations." (Doc. 15 at 13). Further, the district court already determined that the FAC failed to state any due process claims against the remaining Defendants M. Martin, Lt. Martin, Wiswell, Blancas, and Reyes for their involvement related to the RVR. In pertinent part, the district court held:

> The magistrate judge correctly found, for the reasons set forth in the findings and recommendations, that plaintiff failed to state a claim as to his remaining due process violation theories, which included: (1) the filing of a false disciplinary report, (2) a lack of sufficient

---

[4] Plaintiff cannot recover monetary damages for a violation of Section 7. *Doe v. Cty. of Orange*, No. 8:20-cv-00322-JWH (GJS), 2022 WL 18776166, at *34 (C.D. Cal. Dec. 16, 2022) ("Numerous federal district courts in California have concluded that a plaintiff cannot recover monetary damages for an asserted violation of Section 7") (collecting cases).

8

evidence to find plaintiff guilty of a violation, and (3) a failure to reverse plaintiff's guilty finding. Doc. 15 at 9–14.

(*Id.* at 4 n. 2).  *Supra*, Plaintiff's state constitutional claims are subject to the same federal due process analysis.  The district court determined the FAC failed to state any due process claim against Defendants M. Martin, Lt. Martin, Wiswell, Blancas, and Reyes.  Thus, Plaintiff's state due process claims against the Defendants, other than Defendant May, are subject to dismissal.  *Doe v. Cty. of Orange*, No. 8:20-cv-00322-JWH (GJS), 2022 WL 18776166, at *34 (C.D. Cal. Dec. 16, 2022) ("Plaintiff's inability to show a federal due process violation precludes finding a state due process violation, as the federal and state due process clauses essentially are the same.").

### 2.   Article I, Section 28 Against All Named Defendants

In addition to Section 7, Plaintiff vaguely states he seeks declaratory relief against all Defendant for a violation of Article I, Section 28 of the California Constitution.  (Doc. 13 at 14-15, ¶ 50).  The FAC otherwise contains no other averments other than this isolated reference to Section 28.  Article I, Section 28, titled "Findings and declaration; rights of victims; enforcement," commonly known as "Marsy's Law," "added to the California Constitution various rights that may be exercised by crime victims, including the right to recover restitution from convicted criminals."  *People v. Subramanyan*, 246 Cal. App. 4th Supp. 1, 5 2016); *Panah v. State Dep't of Corr. & Rehab.*, No. 14-00166 BLF (PR), 2019 WL 4168967, at *8 (N.D. Cal. Sep. 3, 2019).  Marsy's Law does not create a "cause of action for compensation or damages against the State, any political subdivision of the State, any officer, employee, or agent of the State or of any of its political subdivisions, or any officer or employee of the court."  Cal. Const. art. I, § 28(c)(2).

Plaintiff has not alleged he is a victim under Marsy's Law, nor that any Defendants were subjected to state criminal proceedings in connection with the issuance of his RVR.  *Panah v. State Dep't of Corr. & Rehab.*, No. 14-00166 BLF (PR), 2019 WL 4168967, at *8 (N.D. Cal. Sep. 3, 2019) (denying plaintiff's motion for declaration of rights under Marsy's Law when none of the defendants were defendants in a state criminal proceeding).  Although pro se pleadings are

liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Merely stating Defendants violated Article I, Section 28 of the California Constitution is not sufficient to state a claim. Without alleging facts that Plaintiff is a victim entitled to relief from Defendants in a state criminal proceeding, Plaintiff's claims under Article I, Section 28 fail to state a claim. Thus, the FAC fails to state a claim for violations of Article I, Section 28 against any Defendant.

### C. Count Three: The Bane Act

California Civil Code § 52.1 ("Section 52.1"), the so-called "Bane Act," permits a private right of action for damages:

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . .

Cal. Civ. Code § 52.1(a) (emphasis added). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 949 P.2d 941, 942 (1998). The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 472 (2007) (quotation marks omitted). Although a complaint need not use the statutory terms "threats, intimidation, or coercion," it must allege facts from which the presence of threats, intimidation, or coercion may be inferred. *See Lopez v. County of Tulare*, 2012 WL 33244, * 11 (E.D. Cal. Jan. 6, 2012). Additionally, the statute was adopted "to address interference with constitutional rights involving more egregious conduct than mere negligence." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 958 (2012).

"[U]nder the Bane Act, the offending threat, intimidation, or coercion need not be independent from the coercion associated with an alleged constitutional violation that is

10

inherently coercive." *Kang by and through Young v. Custer*, 2024 WL 1994319, at *3 (E.D. Cal. May 6, 2024) (citing *Cornell v. City & Cnty. of S.F.*, 17 Cal. App. 5th 766, 799-800, 802 n.31 (2017)). A prison is "an inherently coercive environment." *Id.* at *4. In cases involving an alleged inherently coercive constitutional violation, the plaintiff "must prove that the defendant acted with 'a specific intent to violate the . . . right.'" *Id.* at *4 (quoting *Cornell*, 17 Cal. App. 5th at 801); *see Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1015 (E.D. Cal. 2022) (quoting *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018)) (internal quotation marks omitted) ("the coercion inherent in a Fourth Amendment violation could support a Bane Act claim if the coercion occurred with specific intent to violate the arrestee's right to freedom from unreasonable seizure."). Thus, "[t]he elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 907 (9th Cir. 2024) (citations omitted). The specific intent inquiry for a Bane Act claim is focused on two questions:

> First, "is the right at issue clearly delineated and plainly applicable under the circumstances of the case," and second, "did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?" *Cornell*, 17 Cal. App. 5th at 803 [225 Cal.Rptr.3d 356]. So long as those two requirements are met, specific intent can be shown "even if the defendant did not in fact recognize the unlawfulness of his act" but instead acted in "reckless disregard" of the constitutional right. *Id.*

*Apothio*, 599 F. Supp. 3d at 1015 (quoting *Sandoval*, 912 F.3d at 519; *Cornell*, 17 Cal. App. 5th at 803).

Construing the FAC liberally, Plaintiff alleges a cognizable Bane Act claim as to Defendant May. Plaintiff both sufficiently alleges coercion and satisfies the specific intent test. In addition to being in the inherently coercive environment of a prison, Plaintiff alleges that Defendant May "prevent[ed] him from summoning the witnesses requested." (Doc. 13 at 7, ¶ 24; *see also id.* at 11, ¶ 33 ("Defendant D. May, partially, and intentionally denied the Plaintiff the four witnesses requested during the adjudication hearing.")). This allegedly coerced Plaintiff to

proceed in the disciplinary proceedings in violation of his clearly delineated due process right of bringing witnesses – a right that he alleges to have expressed wanting to exercise. *See Kang*, 2024 WL 1994319, at *4 (finding coercion where plaintiff had no choice but to proceed as directed by prison officials). Furthermore, Plaintiff's allegations that Defendant May heard Plaintiff's request to bring witnesses, affirmatively denied that request, and refused to provide any explanation for that decision are sufficient to plead a reckless disregard as required by the specific intent test. (*See* Doc. 13 at 2-3, ¶¶ 7, 13). While the FAC does not identify who these potential witnesses were, the allegations in the FAC are nonetheless sufficient at the pleading stage.

However, Plaintiff does not sufficiently plead a viable Bane Act claim as to any other defendant. The district court has already ruled that Plaintiff has not properly alleged any due process violations other than Plaintiff's claim against Defendant May for the purported refusal to allow Plaintiff to bring witnesses. (Doc. 20 at 4 n.2). Without a violation of a legal right, Plaintiff is unable to adequately allege a Bane Act claim. *See Wood v. City of Sacramento*, 2023 WL 415143, at *6 (E.D. Cal. Jan. 25, 2023) ("Because plaintiff's constitutional rights have not been violated, she cannot maintain a Tom Bane Act claim."); *Hollamon v. City of Los Angeles*, 709 F. Supp. 3d 992, 1006 (C.D. Cal. 2023), *aff'd*, No. 24-341, 2025 WL 927310 (9th Cir. Mar. 27, 2025) (citing *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018)) ("A Bane Act claim cannot proceed where there is no constitutional violation.").

Accordingly, Plaintiff's Bane Act claim survives as to Defendant May but not as to any of the other defendants.

**D. Count Four: Abuse of Process Against All Named Defendants**

Plaintiff's claim for abuse of process stems from the issuance of the RVR, the disciplinary hearing on Plaintiff's RVR, and Plaintiff's eventual finding of guilt for the RVR. Specifically, Plaintiff claims abuse of process due to:

> submission off false reports, the failure to summon [Plaintiff's] requested witnesses on his behalf, the failure to provide the [Plaintiff] with an impartial decision maker during adjudicatory proceedings, the failure to reach a decision by preponderance of the evidence, and the repeated denial of administrative relief subsequent to a finding of guilt being entered in violation of established authorities governing

12

disciplinary hearings in CDCR when liberty interests are potentially affected and/or in jeopardy.

(Doc. 13, ¶ 56).

A violation of the common law tort of abuse of process occurs when someone "uses the court's process for a purpose other than that for which the process was designed." *Yee v. Superior Court*, 31 Cal. App. 5th 26 (2019). To state a claim for abuse of process, a plaintiff must allege the defendant "(1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Yee v. Superior Court*, 31 Cal. App. 5th 26 (2019) (citing *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006)).

A disciplinary hearing is not a court process and fails to satisfy the second element of abuse of process. *Meadows v. Bakersfield Sav. & Loan Ass'n*, 250 Cal. App. 2d 749, 753 (1967) ("Since defendant took no action pursuant to authority of court, directly or by ancillary proceedings, no judicial process was abused."). Because Plaintiff's abuse of process claim is predicated upon each Defendant's involvement in the RVR process, which does not equate to a court process, the FAC fails to state a cognizable claim for abuse of process against any Defendant.

### E.  Count Five: Conspiracy Against All Named Defendants[5]

Plaintiff claims Defendants Wisell, Blanca, and Reyes collaborated to submit "fabricated reports" that attributed to Plaintiff being charged with the "fighting" RVR. (Doc. 13 at 17, ¶ 63). Defendants M. Martin, Lt. Martin, and D. May "furthered the conspiracy" by not summoning the witnesses Plaintiff designated, finding him guilty, and not dismissing the charge. (*Id*., ¶ 65).

"The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design . . ." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd*., 7 Cal. 4th 503, 511 (1994) (citation omitted). To be liable, the person must have knowledge of the planned tort and an intent to aid in its commission. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995).

---

[5] In his objections to the previous F&R, Plaintiff appears to have waived this claim. (Doc. 22 at 1).

13

Like federal law, civil conspiracy is not a freestanding claim under California law. *Id.* To state a claim for conspiracy under California state law "a plaintiff must allege conspiracy as a separate cause of action and tie it to some other tort alleged in the complaint (i.e. conspiracy to misappropriate trade secrets) . . ." *Axos Bank v. Nano Banc*, 2025 WL 1675526, at *2 (C.D. Cal. Apr. 30, 2025).

The district court found the FAC failed to allege a conspiracy claim under federal law. (Doc. 20 at 2, 4 n.2). For the same reasons, Plaintiff's state law conspiracy claim fails. Here, the FAC alleges no specific facts for the Court to infer that Defendants had an agreement to deprive Plaintiff of a right or agreement to commit a tort against Plaintiff. Instead, the FAC contains only conclusory allegations that the Defendants colluded or conspired against Plaintiff. Further, as more fully explained below, other than the state due process claim and Bane Act claim against Defendant May, the undersigned finds the FAC fails to allege any state claims against the Defendants. Plaintiff fails to connect the acts of the other Defendants to Defendant May's refusal to allow Plaintiff to call four witnesses in his defense at his RVR. *See Applied Equipment*, 869 P.2d at 457 (requiring that conspiracy be tied to "the wrongful act" committed by another tortfeasor). Thus, the FAC fails to state a conspiracy claim against any Defendant.

### F.   Count Six: Negligence Against All Named Defendants

In support of his negligence claim, Plaintiff alleges that these Defendants had a "duty as peace officers" to "abide by the 15 CCR, DOM, PVSP-OP Manual, and the 'Truth-In-Evidence' clause of the California Constitution, in conjunction with the Penal Code, as well, as the Government Code that function alongside the aforementioned authorities." (Doc. 13 at 19, ¶ 69). Plaintiff alleges, "With their employment/agency comes an inherent duty to report incidents in accordance with Article I, section 28(f)(2), the 'Truth-in-Evidence' clause of the California Constitution, as well as 15 CCR § 3286, and the lawful conduct that is becoming of a sworn peace officer in the State of California." (*Id.* at 18-19, ¶ 68). Plaintiff also points to Cal. Evid. Code § 669. (*Id.* at 19, ¶ 70). Plaintiff contends that Defendants breached their duties, and, as a result, Plaintiff suffered a loss of good conduct credits, incurred a RVR in his central file, and had his legal standing "adversely affected." (*Id.* at 6, 18-19, ¶¶ 22, 67-72).

14

"To state a claim for negligence under California law, [p]laintiffs must allege a duty, breach of that duty, causation, and damages." *Stepanyan v. United States*, 2020 WL 8365242, at *6 (C.D. Cal. Dec. 14, 2020) (citing *Carrera v. Maurice J. Sopp & Son*, 177 Cal. App. 4th 366, 377 (2009)). "Under California law, public employees 'are statutorily liable to the same extent as private persons for injuries caused by their acts or omissions, subject to the same defenses available to private persons.'" *Young Han v. City of Folsom*, 695 F. App'x 197, 198 (9th Cir. 2017) (quoting *Hayes v. County of San Diego*, 305 P.3d 252, 255 (2013)).

Plaintiff fails to allege a cognizable negligence claim. Although phrased as a negligence claim, Plaintiff essentially attempts to assert a cause of action based on alleged violation of Title 15, CDCR's manuals, or California's Penal Code. Specifically, the manuals Plaintiff cites are not sufficient to adequately allege that defendants had an actionable duty of care. *See e.g., Lugtu v. Cal. Highway Patrol*, 26 Cal. 4th 703, 720 (2001) (finding policy manuals do not establish a standard of care). In addition, "California prison regulations . . . do not support causes of action for negligence" and "[t]here is no implied private right of action under title fifteen of the California Code of Regulations." *Clark v. Dep't of Corr. & Rehab.*, No. C083051, 2018 WL 564499, at *6 (Cal. Ct. App. Jan. 26, 2018) (citations omitted) (internal quotation marks omitted). Nor does violation of the California Penal Code provide a private right of action. *Anthony v. Cnty. of San Diego*, No. 25-CV-00310-DMS-MMP, 2025 WL 4076514, at *3 (S.D. Cal. Oct. 8, 2025), *reconsideration denied*, No. 25-CV-00310-DMS-MMP, 2026 WL 166374 (S.D. Cal. Jan. 20, 2026) (citing *Clinton v. Ashbury*, No. 3:23-cv-0119-DMS-DEB, 2024 WL 2032938, at *6 (S.D. Cal. May 7, 2024) (stating "[Plaintiff] cannot state a claim based on violations of the California Penal Code"). *See also Baker v. Schwarzenegger*, No. CIV. 07-1773 IEG(NLS, 2008 WL 5068937, at *8 (S.D. Cal. Nov. 26, 2008) (finding "to the extent Plaintiff intended to bring any claim in this action based on a violation of any section of the California Penal Code, he has failed to state such a claim").

Furthermore, the FAC's various references to the "Right to Truth-in-Evidence" Act is unavailing. (Doc. 13 at 18-19, ¶ 68). The "Right to Truth in-Evidence" Act states:

15

> Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any **criminal proceeding**, including pretrial and post-conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press.

Cal Const, Art. I § 28(f)(2) (emphasis added). The "Right to Truth in-Evidence" Act only applies to criminal proceedings. Here, Plaintiff's due process claim arises out of the process he received at his disciplinary hearing on his RVR. (*See* Doc. 13). It has long been established that a disciplinary hearing is not a criminal proceeding. *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution."). Plaintiff cannot state a claim for violation of this Act against any Defendant.

Therefore, Plaintiff does not identify a specific statute or regulation that imposes an actionable duty of care upon any of the defendants. As such, his reference to Cal. Evid. Code § 669 is unavailing. Cal. Evid. Code § 669 does not create a statutory duty of care but, rather, applies only where another statutory duty already exists. *See* Cal. Evid. Code § 669(a)(1) ("The failure of a person to exercise due care is presumed if . . . [h]e violated a statute, ordinance, or regulation of a public entity.").

Accordingly, the FAC fails to state a negligence claim against any Defendant.

**G. Count Seven: Intentional Inflection of Emotional Distress**[6]

Plaintiff contends that Defendants' "conduct was intentional, and was carried out with the sole aim and purpose of causing anguish and/o[r] humiliation to [Plaintiff] . . . ." (Doc. No. 13 at 20, ¶ 77).

To state a claim of intentional inflection of emotional distress (IIED) under California law, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

---

[6] In his objections to the previous F&R, Plaintiff appears to have waived this claim. (Doc. 22 at 1).

16

plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am.*, LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted). Conduct is "outrageous" or "extreme" where it "exceed[s] all bounds of that usually tolerated in a civilized society." *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991) (internal quotation and citation omitted); *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (conduct must be "so extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). "The tort calls for intentional, or at least reckless conduct—conduct intended to inflict injury or engaged in with the realization that injury will result." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 210 (1982).

The FAC does not provide sufficient factual allegations to state a cause of action for IIED. The FAC fails to allege any conduct by any Defendant that rises to the level of extreme or outrageous. Here, Plaintiff's IIED claim stems solely from each Defendants' involvement in the issuance of an RVR, the disciplinary hearing for the RVR, and refusal to reverse the finding of guilt for fighting. (*Id.* at 20, ¶ 75). There are no allegations that the subject RVR was issued as a pattern of harassment or issued in retaliation for Plaintiff exercising his legal rights. Even if false, the RVR did not charge Plaintiff with embarrassing or humiliating conduct such that the alleged falsehoods could be deemed malicious. Similarly, the narratives contained only a factual recitation of the events that Defendants Wisell, Blanca, and Reyes observed. Plaintiff does not deny that he was involved in a fight with Mills, nor that he struck Mills in the head causing Mills to fall to the ground. While Plaintiff describes the events differently and disagrees with his guilty finding, none of the actions taken by the Defendants amount to extreme or outrageous conduct. *See Tanielian v. Guerrero*, No. 1:23-CV-01384-KES-CDB, 2025 WL 3292369, at *5 (E.D. Cal. Nov. 26, 2025), *report and recommendation adopted sub nom.* No. 1:23-CV-01384-KES-CDB, 2025 WL 3756936 (E.D. Cal. Dec. 29, 2025) (concluding remarks to inmate and subsequent "issuance of a RVR on another occasion are more akin to insults, indignities, threats, annoyances, petty oppressions or trivialities.").

////

17

Further, Plaintiff fails to allege any specific facts to support an allegation that Defendants actions were done for the purpose of causing him emotional distress. (Doc. 13 at 19-21, ¶¶ 73-80). *See Griffin v. Zurbano*, No. 16-CV-2715-JLS-WVG, 2019 WL 585353, at *10 (S.D. Cal. Feb. 13, 2019), *report and recommendation adopted*, No. 16-CV-2715 JLS (WVG), 2019 WL 1012002 (S.D. Cal. Mar. 4, 2019), *vacated*, No. 16-CV-2715 JLS (WVG), 2019 WL 13489906 (S.D. Cal. Mar. 21, 2019), and *report and recommendation adopted*, No. 16-CV-2715 JLS (WVG), 2019 WL 13490434 (S.D. Cal. Apr. 16, 2019), *aff'd*, 813 F. App'x 330 (9th Cir. 2020) (finding allegations of an RVR even if based off of false reports did not give rise to claim of IIED when plaintiff failed to provide facts to support defendants acted with the purpose or reckless disregard of causing plaintiff emotional distress). Finally, the Prison Litigation Reform Act bars lawsuits for mental or emotional injury resulting from prison conditions unless a physical injury is shown. 42 U.S.C. § 1997(e). Here, Plaintiff alleges no physical injury.

Accordingly, the undersigned finds the FAC fails to state a cognizable claim for intentional infliction of emotional distress against any Defendant.

### CONCLUSION

For the reasons set forth above, with regard to the state law claims, the undersigned finds the FAC states cognizable claims against Defendant May for violation of Article I, Section 7 of the California Constitution (Count Two) and for violation of California Civil Code § 52.1, the Bane Act (Count Three). Otherwise, the FAC does not adequately allege a cognizable claim against any other defendant or for the remainder of the state law causes of action.

Accordingly, it is hereby RECOMMENDED:

1. In addition to Plaintiff's Fourteenth Amendment due process claim against Defendant May, Plaintiff be permitted to proceed on his state due process law claim under Article I, Section 7 of the California Constitution and his state law claim under California Civil Code § 52.1, the Bane Act, against Defendant May.

2. All other state law claims against all other Defendants deemed not cognizable be dismissed.

3. Defendants M. Martin, Lt. Martin, S. Wiswell, R. Blanca, and M. Reyes be dismissed

from this action.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    April 6, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE